1  Steven A. Groode, Bar No. 210500
   sgroode@littler.com
2  LITTLER MENDELSON P.C.
   1255 Treat Blvd., Suite 600
3  Walnut Creek, California  94597
   Telephone:     925.932.2468
4  Fax No:     925.946.9809

5  Anthony Ly, Bar No. 228883
   aly@littler.com
6  LITTLER MENDELSON P.C.
   2049 Century Park East, 5th Floor
7  Los Angeles, California  90067.3107
   Telephone:     310.553.0308
8  Fax No.:     310.553.5583

9  Erin N. Collins, Bar No. 291726
   ecollins@littler.com
10 LITTLER MENDELSON P.C.
   633 West Fifth Street, 63rd Floor
11 Los Angeles, California  90071
   Telephone:     213.443.4300
12 Fax No.:     213.443.4299

13

14 Attorneys for Defendants
   AMAZON.COM, INC., AMAZON.COM SERVICES
   LLC, AMAZON WEB SERVICES, INC.
15

16                    UNITED STATES DISTRICT COURT

17                  NORTHERN DISTRICT OF CALIFORNIA

18

19 | TERESA CARLISLE, as an individual and on behalf of others similarly situated, | Case No.  4:22-cv-6856 |

20 |   Plaintiff, | **DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** |

21 |   v. | |

22 | AMAZON.COM, INC., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware limited liability corporation; AMAZON WEB SERVICES, INC., a Delaware corporation, and DOES 1 through 100, inclusive, | |

23 | | Complaint filed:  July 14, 2022 (*Originally filed in Alameda County Superior Court*) |

24

25

26 |   Defendants. |

27

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

Defendants' Notice of Removal

1    TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF TERESA

2    CARLISLE AND HER ATTORNEYS OF RECORD:

3        PLEASE TAKE NOTICE that Defendants Amazon.com, Inc. (erroneously sued as

4    Amazon.com Inc.), Amazon.com Services LLC, and Amazon Web Services, Inc. (collectively,

5    "Defendants"), hereby remove the state action described herein, filed in the Superior Court of the State

6    of California, County of Alameda, to the United States District Court for the Northern District of

7    California, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446. A true and correct copy of this notice

8    will be filed contemporaneously with the Clerk of the Superior Court for the State of California,

9    County of Alameda, and notice of the removal will be provided to counsel for Plaintiff Teresa Carlisle

10   ("Plaintiff") in accordance with 28 U.S.C. § 1446(d). Defendants make the following allegations in

11   support of their Notice of Removal:

12                                    **STATEMENT OF JURISDICTION**

13       1.    This Court has original jurisdiction over this action pursuant to the Class Action

14   Fairness Act of 2005 ("CAFA"), which vests the United States District Courts with original

15   jurisdiction of any civil action: (a) that is a class action with a putative class of at least one hundred

16   members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any

17   defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000,

18   exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in

19   accordance with 28 U.S.C. § 1446. As set forth below, this case meets all of CAFA's requirements for

20   removal and is timely and properly removed by the filing of this Notice of Removal.

21                                             **VENUE**

22       2.    Plaintiff originally filed this action in the Superior Court of the State of California,

23   County of Alameda.  For purposes of removal, venue properly lies in the Northern District of

24   California pursuant to 28 U.S.C. §§ 84(a), 1441(a), and 1446(a).

25                               **PLEADINGS, PROCESS, AND ORDERS**

26       3.    On July 14, 2022, Plaintiff filed an unverified Class Action Complaint in the Alameda

27   County Superior Court entitled *Teresa Carlisle, as an individual and on behalf of others similarly*

28   *situated, v. Amazon.com Inc., a Delaware corporation; Amazon.com Services LLC, a Delaware*

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

Defendants' Notice of Removal                    2.

*limited liability corporate; Amazon Web Services, Inc., a Delaware corporation, and Does 1 through 100, inclusive*, designated as Case No. 22CV014326 (hereinafter, the "Complaint"). (Declaration of Steven A. Groode in Support of Defendants' Notice of Removal to Federal Court Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 ("Groode Decl."), ¶ 2, Ex. A.)

4.      The Complaint asserts the following causes of action: (a) Violation of Labor Code § 227.3 (Vacation); (b) Breach of Written Contract; and (c) Unfair Business Practices (Violation of California Business & Professions Code § 17200 *et seq*.). The allegations in the Complaint are incorporated by reference in this Notice of Removal without admitting the truth of any of them.

5.      On October 5, 2022, each of the Defendants[1] was served the Complaint, along with copies of the Summons, Civil Case Cover Sheet, Civil Case Coversheet Addendum, Certificate of Mailing, Notice of Case Management Conference, Notice of Confirmation of Electronic Filing, and Plaintiff's Notice of Association of Counsel through Defendants' registered agent for service of process, CSC. (Groode Decl., ¶ 3, Ex. A, B.)

6.      On November 2, 2022, Defendants filed a Motion for Peremptory Disqualification in the Alameda County Superior Court. (Groode Decl., ¶ 4, Exhibit C.)

7.      On November 2, 2022, Defendants filed an Answer in the Alameda County Superior Court. (Groode Decl., ¶ 5, Exhibit D.)

8.      To Defendants' knowledge, no further process, pleadings, or orders related to this case have been served on any defendant other than as described above. To Defendants' knowledge, no proceedings related hereto have been heard in the Alameda County Superior Court. (Groode Decl., ¶ 6.)

---

[1] As stated in Defendants' Answer, Plaintiff was employed by Amazon.com Services LLC, not Amazon.com, Inc. or Amazon Web Services, Inc. Amazon.com, Inc. and Amazon Web Services, Inc. are improperly named as defendants in this action. For example, while Plaintiff alleges that she and the purported class members worked at warehouses, distribution centers, and fulfillment centers in California, Amazon Web Services, Inc. does not operate warehouses, distribution centers, or fulfillment centers. Rather, it operates an online platform providing cloud computing and storage services.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Defendants' Notice of Removal                    3.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TIMELINESS OF REMOVAL**

9.    An action may be removed from state court by filing a notice of removal – together with a copy of all process, pleadings, and orders served on the defendant – within thirty days of defendant receiving the initial pleading. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 346 (1999) (the thirty-day removal period runs from the service of the summons and complaint).

10.    Removal of this action is timely. Plaintiff served Defendants on October 5, 2022. Thirty days from October 5 is Friday, November 4, 2022.

**CAFA JURISDICTION**

11.    CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which the putative class consists of at least one hundred members, any member of the putative class of plaintiffs is a citizen of a state different from any defendant, and where the matter's amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets each CAFA requirement for removal, and is timely and properly removed by the filing of this Notice of Removal.

A.    **The Proposed Class Contains At Least 100 Members**

12.    The provisions of CAFA do not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5)(B). The case at bar alleges a class that far exceeds 100 individuals.

13.    Plaintiff defines her class as "all current and former employees of Defendants who worked at Amazon warehouses, distribution centers, and fulfillment centers in California during the period from July 14, 2018, to the present." (Complaint ¶ 24.)

14.    Since July 14, 2018, Defendant Amazon.com Services LLC has hired at least 275,000 people at its warehouses, distribution centers, and fulfillment centers in California.

15.    Accordingly, CAFA's requirement of 100 or more putative class members is easily satisfied in this case.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Defendants' Notice of Removal                                                          4.

**B.** **Defendants Are Not Governmental Entities**

16.     CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." 28 U.S.C. § 1332(d)(5)(B).

17.     None of the Defendants are a state, state official, or other government entity exempt from CAFA. Amazon.com Services LLC is a limited liability company, Amazon Web Services, Inc. is a corporation, and Amazon.com, Inc. is a corporation.  Plaintiff concedes in her Complaint that Defendants are business entities. (Complaint ¶¶ 10-12.)

**C.**     **There Is Diversity Between At Least One Alleged Class Member And One Defendant**

18.     CAFA's minimal diversity requirement is satisfied if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), 1453(b). Additionally, for removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal. *See Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). Minimal diversity of citizenship exists here because Plaintiff and Amazon.com Services LLC are citizens of different states.

19.     For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that person's domicile is the place he resides with the intention to remain).

20.     Plaintiff alleges she "is an adult who resides in the State of California." (Complaint ¶ 9.) Residency is sufficient to establish citizenship of individuals for diversity purposes. *See Albrecht v. Lund,* 845 F.2d 193, 194-95 (9th Cir. 1988) (finding citizenship requirement satisfied where plaintiff's complaint contained allegations consistent with diversity and plaintiff failed to contest the petition for removal); *see also Anderson v. Watts*, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary.").

21.     Pursuant to 28 U.S.C. §§ 1332(c) and 1332(d)(10), a corporation or unincorporated association, such as a limited liability company, is deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is incorporated or organized. For purposes

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

Defendants' Notice of Removal                    5.

of a CAFA removal, a limited liability company's citizenship is treated in the same manner as a corporation's citizenship under traditional diversity standards.

22.     To determine a corporation's principal place of business, courts apply the "nerve center test," which deems the principal place of business to be the state where a corporation's officers "direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). In practice, the principal place of business is "where the corporation maintains its headquarters." *Id.* at 92-93. In other words, a party's principal place of business is where its officers direct, control, and coordinate its activities. *Id.*

23.     Amazon.com Services LLC is a limited liability company organized and existing under the laws of the State of Delaware. (Complaint ¶11.) It is headquartered in Seattle, Washington, where it has its principal place of business. (*Id.*)

24.     The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

25.     Accordingly, the named Plaintiff is a citizen of a state (California) different from at least one Defendant (Amazon.com Services LLC, which is a citizen of Delaware and Washington) and diversity exists for purposes of CAFA jurisdiction. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

**D.     The Amount In Controversy Exceeds $5,000,000**[2]

26.     This Court has jurisdiction under CAFA, which authorizes the removal of class actions in which, among the other factors mentioned above, the amount in controversy for all putative class members exceeds $5,000,000. 28 U.S.C. § 1332(d).

27.     The removal statute requires a defendant seeking to remove a case to federal court to file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). In *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014), the Supreme Court

---

[2] The alleged damages calculations contained herein are for purposes of removal only. Defendants expressly deny that Plaintiff or the putative class is entitled to any relief whatsoever, and Defendants expressly reserve the right to challenge Plaintiff's alleged damages in this case.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Defendants' Notice of Removal                                    6.

1   recognized that "as specified in § 1446(a), a defendant's notice of removal need include only a
2   plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Only if the
3   plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence
4   required. *Id.* at 554. "[T]he defendant's amount-in-controversy allegation should be accepted" just as
5   a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court
6   jurisdiction. *Id.* at 553.

7        28.    For purposes of determining whether the amount in controversy has been satisfied, the
8   Court must presume that the Plaintiff will prevail on her claims. *Arias v. Residence Inn by Marriott*,
9   936 F.3d 920, 927 (9th Cir. 2019) ("The amount in controversy is simply an estimate of the total
10  amount in dispute, not a prospective assessment of defendant's liability. In that sense, the amount in
11  controversy reflects the *maximum* recovery the plaintiff could reasonably recover. An assertion that
12  the amount in controversy exceeds the jurisdictional threshold is not defeated merely because it is
13  equally possible that damages might be less than the requisite amount …") The ultimate inquiry is
14  what amount is put "in controversy" by a plaintiff's complaint, not what a defendant might actually
15  owe. *Rippee v. Boston Mkt. Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005); *accord Ibarra v.*
16  *Manheim Inv., Inc.* 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (explaining that even when the court is
17  persuaded the amount in controversy exceeds $5,000,000, defendants are still free to challenge the
18  actual amount of damages at trial because they are only estimating the amount in controversy); *Arias*,
19  936 F.3d at 927 (finding defendant may rely on assumptions in its chain of reasoning, so long as they
20  have "some reasonable ground underlying them.") (quotation and citation omitted).

21       29.    Although the Complaint does not identify a specific amount of alleged damages, it
22  seeks "all vested vacation wages and personal choice holidays (including but not limited to personal
23  days, flexible days, paid time off, PTO, and other paid time off) pursuant to Labor Code § 227.3," "for
24  damages according to proof for breach of contract," as well as restitution, attorneys' fees, costs, and
25  interest. Complaint, Prayer for Relief ¶¶ 4-8.

26       30.    Alleging a violation of California's Unlawful Competition Law ("UCL") may extend
27  the statute of limitations for Plaintiff's and the putative class's unpaid vacation pay from three to four
28  years from the filing of the Complaint. In this case, the UCL extends the statute of limitations to July

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Defendants' Notice of Removal                           7.

14, 2018. *See* Cal. Bus. & Prof. Code § 17208; *Cortez v. Purolater Air Filtration Products Co.*, 23 Cal. 4th 163, 178-79 (2000) (four-year statute of limitations for restitution of wages under the UCL); *see also* Complaint ¶ 24 (defining all classes with a four-year statute of limitations).

31.    Defendants are permitted to use reasonable assumptions to establish the amount in controversy. *Arias*, 936 F.3d at 925 (finding a removing defendant is permitted "to rely on a chain or reasoning that includes assumptions," and such assumptions are reasonable if founded on the allegations of the complaint).

32.    Defendants deny the validity and merit of the entirety of Plaintiff's alleged claims, the legal theories upon which they are ostensibly based, and the alleged claims for monetary and other relief that flow therefrom, including but not limited to, Plaintiff's allegation that the alleged claims are appropriate for class treatment. Defendants reserve all defenses to Plaintiff's claims, including the fact that Plaintiff's UCL claim fails because adequate remedies at law exist. For purposes of removal only, however, and without conceding that Plaintiff or the putative class are entitled to any damages or penalties whatsoever, it is readily apparent that the aggregated claims of the putative class establishes, by a preponderance of evidence, that the amount in controversy exceeds the jurisdictional minimum of $5,000,000.

### 1.    Breach of Written Contract

33.    Plaintiff alleges that "[a]s a pattern and practice, Defendants regularly failed to pay Plaintiff and class members their promised sign-on bonus wages. Defendants promised in writing, including via online advertisements, that if an applicant was hired to work for Defendants, the applicant would receive a $1,000 bonus." (Complaint ¶ 42.) That is, Plaintiff alleges that new hires during the statutory period were promised $1,000, but did not receive it.

34.    Damages for breach of contract are the "amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom." Cal. Civ. Code § 3300. Here, Plaintiff alleges the damages are at least $1,000 per applicant who did not receive a bonus.

35.    Based on a preliminary review of data regarding new hires at Amazon.com Services LLC from relevant business records, Amazon.com Services LLC has hired at least 275,000 people in

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

Defendants' Notice of Removal                    8.

positions at Amazon warehouses, distribution centers, and fulfillment centers in California during the period from July 14, 2018 to October 20, 2022.

36.    Alleging a "pattern and practice" can reasonably be interpreted to mean that each class member suffered the alleged harm. *See Danielsson v. Blood Centers of Pac.*, No. 19-CV-04592-JCS, 2019 WL 7290476, at *1–8 (N.D. Cal. Dec. 30, 2019) (finding one hour of overtime for every class member, every week, was reasonable where the complaint alleged a "pattern and practice" of failing to pay overtime wages). If every new hire was denied a $1,000 sign-on bonus, damages would total at least $275 million (275,000 x $1,000 = $275,000,000). Even if Plaintiff is only alleging that five percent (5%) of the new hires suffered damages for this claim, the amount in controversy is at least $13,750,000 (275,000 x .05 x $1,000 = $13,750,000).

37.    Defendants deny the validity and merit of Plaintiff's breach of contract claim. For purposes of removal only, taking Plaintiff's allegations to be true, and using a very conservative estimate that Plaintiff is alleging that only five percent (5%) of the new hires at Amazon.com Services LLC suffered damages, the amount in controversy for the breach of contract claim is at least **$13,750,000**.

### 2.    Forfeiture of Vested Earned Vacation

38.    Plaintiff also alleges that, "[a]s a matter of uniform corporate policy, procedure, and practice, Defendants violated Labor Code 227.3 by failing to properly accrue to Plaintiff and similarly situated employees all earned and vested vacation wages … and fails to cash out at the end of employment all such earned and unused vacation time." (Complaint ¶ 36.) Plaintiff alleges that, as a result, she and similarly situated employees "had such vacation wages forfeited …" (Complaint ¶ 38.)

39.    Plaintiff seeks to recover all vested vacation wages and personal choice holidays as well as attorneys' fees, costs, and prejudgment interest. (Complaint, Prayer for Relief ¶ 4.) She seeks these damages from July 14, 2018 to the present. (Complaint ¶ 24 (defining all classes with a four-year statute of limitations).)

40.    Plaintiff's breach of written contract claim alone places well over $5,000,000 in controversy. Thus, the Court has jurisdiction under CAFA regardless of the amount in controversy related to Plaintiff's forfeiture of vested earned vacation claim.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Defendants' Notice of Removal                                    9.

### 3. Attorneys' Fees

41.     Plaintiff also seeks attorneys' fees and costs in her Complaint. Complaint, Prayer for Relief ¶ 7. It is well-settled that claims for statutory attorneys' fees are to be included in the amount in controversy. *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785 (9th Cir. 2018) ("Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract."). The attorneys' fees benchmark in the Ninth Circuit is twenty-five percent. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the 'bench mark' percentage for the fee award should be 25 percent.") (citation omitted); *Smith v. Advanced Clinical Emp. Staffing, LLC*, No. 5:21-CV-07325-EJD, 2022 WL 2037080, at *1–5 (N.D. Cal. June 7, 2022) (applying attorneys' fees of 25% of aggregate damages where plaintiffs' counsel had received 30% award in another wage case); *Danielsson v. Blood Centers of Pac.*, No. 19-CV-04592-JCS, 2019 WL 7290476, at *1–8 (N.D. Cal. Dec. 30, 2019) (holding 25% for attorneys' fees is reasonable).

42.     As discussed above, the amount in controversy is at least $13,750,000. Taking into account attorneys' fees at the benchmark percentage of twenty-five percent further increases the amount in controversy by approximately **$3,437,500** ($13,750,000  x 0.25) for a total amount in controversy of at least **$17,187,500.**

### **SUMMARY**

43.     Removal of this action is therefore proper as the amount in controversy is well in excess of the CAFA jurisdictional requirement of $5,000,000 based on Plaintiff's breach of written contract claim alone. *See* 28 U.S.C. § 1332(d)(2):

| Plaintiff's Alleged Claim | Amount in Controversy |
|---|---|
| 1.   Breach of Written Contract | $13,750,000 |
| 2.   Attorneys' Fees | $3,437,500 |
| **Amount in Controversy** | **$17,187,500** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

Defendants' Notice of Removal                           10.

1     **NOTICE OF REMOVAL TO ADVERSE PARTY AND STATE COURT**

2        44.    Following the filing of this Notice of Removal in the United States District Court for

3 the Northern District of California, written notice of such filing will be given by the undersigned to

4 Plaintiff's counsel of record, Law Offices of Peter M. Hart, and a copy of the Notice of Removal will

5 be filed with the Clerk of the Alameda County Superior Court. (Groode Decl., ¶ 7.)

6       WHEREFORE, Defendants hereby remove this action from the Superior Court of the State of

7 California, County of Alameda, to the United States District Court for the Northern District of

8 California.

9  Dated:  November 3, 2022

10                   LITTLER MENDELSON, P.C.

11

12                   */s/ Steven A. Groode*
                     Steven A. Groode

13                      Anthony Ly
                     Erin N. Collins

14                      Attorneys for Defendant

15                      AMAZON.COM, INC., AMAZON.COM
                     SERVICES LLC, AMAZON WEB

16                      SERVICES, INC.

17   4855-3727-9786.12 / 096748-1004

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300