Steven A. Groode, Bar No. 210500
sgroode@littler.com
LITTLER MENDELSON P.C.
1255 Treat Blvd., Suite 600
Walnut Creek, California  94597
Telephone:     925.932.2468
Fax No:     925.946.9809

Anthony Ly, Bar No. 228883
aly@littler.com
LITTLER MENDELSON P.C.
2049 Century Park East, 5th Floor
Los Angeles, California  90067.3107
Telephone:     310.553.0308
Fax No.:     310.553.5583

Erin N. Collins, Bar No. 291726
ecollins@littler.com
LITTLER MENDELSON P.C.
633 West Fifth Street, 63rd Floor
Los Angeles, California  90071
Telephone:     213.443.4300
Fax No.:     213.443.4299

Attorneys for Defendants
AMAZON.COM, INC., AMAZON.COM SERVICES
LLC, AMAZON WEB SERVICES, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA CARLISLE, as an individual and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware limited liability corporation; AMAZON WEB SERVICES, INC., a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No.   4:22-cv-6856<br><br>**DECLARATION OF STEVEN A. GROODE IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL**<br><br>Complaint filed:  July 14, 2022<br>(*Originally filed in Alameda County Superior Court*) |

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DECLARATION OF STEVEN A. GROODE IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL

### <u>DECLARATION OF STEVEN A. GROODE</u>

I, Steven A. Groode, declare as follows:

1.      I am a Shareholder in the law firm of Littler Mendelson, a Professional Corporation, attorneys of record for Defendants Amazon.com, Inc.; Amazon.com Services LLC; and Amazon Web Services, Inc. ("Defendants") in the above-entitled action. I am duly licensed to practice law in the State of California and am one of the attorneys responsible for representing Defendants in this action. I make this Declaration in support of Defendants' Notice of Removal of Civil Action to Federal Court Pursuant to 28 U.S.C. §§ 1332, 1441, 1446. All of the information contained herein is based on my personal and first-hand knowledge unless otherwise indicated, and, if called and sworn as a witness, I could and would competently testify thereto.

2.      On July 14, 2022, Plaintiff filed an unverified Class Action Complaint in the Alameda County Superior Court entitled *Teresa Carlisle, as an individual and on behalf of others similarly situated, v. Amazon.com Inc., a Delaware corporation; Amazon.com Services LLC, a Delaware limited liability corporate; Amazon Web Services, Inc., a Delaware corporation, and Does 1 through 100, inclusive,* designated as Case No. 22CV014326. A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

3.      On October 5, 2022, Defendants were served with the Complaint, the Summons, Civil Case Cover Sheet, Civil Case Coversheet Addendum, Certificate of Mailing, Notice of Case Management Conference, Notice of Confirmation of Electronic Filing, and Plaintiff's Notice of Association of Counsel through Defendants' agent for service of process, CSC Global. True and correct copies of the Summons, Civil Case Cover Sheet, Civil Case Coversheet Addendum, Certificate of Mailing, Notice of Case Management Conference, Notice of Confirmation of Electronic Filing, and Plaintiff's Notice of Association of Counsel are attached hereto as **Exhibit B**.

4.      On November 2, 2022, Defendants submitted a Motion for Peremptory Disqualification, Declaration of Steven A. Groode in support of Defendant's Motion, and Proposed Order in the Superior Court of the State of California, County of Alameda, and served Plaintiff's counsel via U.S. Mail and email. A true and correct copy of Defendants' Motion for Peremptory Disqualification, Declaration of Steven A. Groode in support of Defendant's Motion, and Proposed

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DECLARATION OF STEVEN A. GROODE IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL

Order is attached hereto as **Exhibit C.**

5.     On November 2, 2022, Defendants submitted their Answer for filing in the Superior Court of the State of California, County of Alameda, and served Plaintiff's counsel with a copy of the Answer via U.S. Mail and email. A true and correct copy of Defendants' Answer is attached hereto as **Exhibit D.**

6.     Other than the documents attached as **Exhibits A-D**, I am not aware of any further proceedings or filings regarding this case in the Superior Court of the State of California, County of Alameda.

7.     Contemporaneously with the filing of Defendants' Notice of Removal in the United States District Court for the Northern District of California, I have provided written notice of such filing to Plaintiff Teresa Carlisle's counsel of record: Peter M. Hart and Ashlie E. Fox of the Law Offices of Peter M. Hart, 12121 Wilshire Blvd., Suite 525, Los Angeles, CA 90025 and Stanley D. Saltzman of Marlin & Saltzman, LLP, 29800 Agoura Road, Suite 210, Agoura Hills, CA 91301. A copy of the Notice of Removal will be filed with the Clerk of the Alameda County Superior Court

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 3rd day of November, 2022, at Walnut Creek, California.

_____
STEVEN A. GROODE

4862-9614-0091.3 / 096748-1004

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

3.
DECLARATION OF STEVEN A. GROODE IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL

# Exhibit A

**LAW OFFICES OF PETER M. HART**
Peter M. Hart (State Bar No. 198691)
Ashlie E. Fox (State Bar No. 294407)
12121 Wilshire Blvd., Suite 525
Los Angeles, CA 90025
Telephone: (310) 478-5789
Facsimile: (509) 561-6441
hartpeter@msn.com
ashlie.fox.loph@gmail.com

Attorneys for Plaintiff Teresa Carlisle

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
07/14/2022 at 09:02:00 AM
By: Xian-xii Bowie,
Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

|  |  |
|---|---|
| TERESA CARLISLE, as an individual and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM INC., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware limited liability corporation; AMAZON WEB SERVICES, INC., a Delaware corporation, and DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO. 22CV014326 <br><br> **CLASS ACTION COMPLAINT FOR DAMAGES FOR:** <br><br> **(1) VIOLATION OF LABOR CODE § 227.3 (VACATION);** <br> **(2) BREACH OF WRITTEN CONTRACT; AND** <br> **(3) UNFAIR BUSINESS PRACTICES (Violation of California Business & Professions Code § 17200 *et seq.*)** <br><br> **DEMAND FOR JURY TRIAL** |

1

Plaintiff Teresa Carlisle ("Plaintiff" or "Ms. Carlisle") hereby submits this Complaint against Amazon.com Inc., Amazon.com Services LLC, Amazon Web Services, Inc., and DOES 1-100 (hereinafter collectively referred to as "Defendants" or "Amazon") on behalf of herself and the class of Defendants' similarly situated current and former employees who worked at Amazon warehouses, distribution centers, and fulfillment centers in California, as follows:

## INTRODUCTION

1.      This class action is within the Court's jurisdiction under California Labor Code §§ 227.3, 1194, the California Business and Professions Code § 17200, *et seq.*, (Unfair Practices Act), and the applicable wage order(s) issued by the Industrial Welfare Commission ("IWC").

2.      This complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code, Business and Professions Code, applicable IWC wage orders, and breach of contract against employees of Defendants.

3.      Plaintiff is informed and believes and based thereon alleges that Defendants, jointly and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees by failing to pay all vested vacation wages earned (including but not limited to personal days, flexible days, paid time off, PTO, and other paid time off) and causing them to be forfeited and failing to pay sign-on bonus wages per agreement.

4.      Plaintiff is informed and believes and based thereon alleges that Defendants have engaged in, among other things, a system of willful violations of the California Labor Code, Business and Professions Code, applicable IWC wage orders, and California contract law by creating and maintaining policies, practices and customs that knowingly deny employees their vested vacation wages earned and sign-on bonus wages.

5.      The policies, practices and customs of Defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code, Business and Professions Code, applicable IWC wage orders, and California contract law.

///

**JURISDICTION AND VENUE**

6.     The Court has jurisdiction over this action because Plaintiff's claims arise under state law, including California Labor Code §§ 227.3 and the California Business and Professions Code § 17200, *et seq.*

7.     This Court has jurisdiction over this Class Action pursuant to California Code of Civil Procedure § 382 and is consistent with Fed. R. Civ. P. Rules 23(a), (b)(1), (b)(2), and (b)(3).

8.     Venue is proper because Defendants, and each of them, conducts business in and has employees in the State of California and County of Alameda, and many of the incidents giving rise to Plaintiff's claims took place in this county.

**PARTIES**

9.     Plaintiff Teresa Carlisle is an adult who resides in the State of California.

10.     Plaintiff is informed and believes and based thereon alleges that Defendant Amazon.com Inc. was and is a Delaware corporation with its headquarters located at Seattle, Washington that is registered with the California Secretary of State and does business in the State of California, including in the County of Alameda, and employed Plaintiff and other similarly situated employees throughout the State of California as further defined herein.

11.     Plaintiff is informed and believes and based thereon alleges that Defendant Amazon.com Services LLC was and is a Delaware corporation with its headquarters located at Seattle, Washington that is registered with the California Secretary of State and does business in the State of California, including in the County of Alameda, and employed Plaintiff and other similarly situated employees throughout the State of California as further defined herein.

12.     Plaintiff is informed and believes and based thereon alleges that Defendant Amazon Web Services, Inc. was and is a Delaware corporation with its headquarters located at Seattle, Washington that is registered with the California Secretary of State and does business in the State of California, including in the County of Alameda, and employed Plaintiff and other similarly situated employees throughout the State of California as further defined herein.

13.     Defendants have operation locations and employees throughout the State of California

including in and/or around Alameda County and employs several thousand employees such as Plaintiff at any given time in the State of California.

14.     Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendants and DOES 1 through 100, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

15.     Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 100, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and based thereon alleges that each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

16.     At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and were acting within the course and scope of said agency and employment.

17.     Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, each of the named Defendants was the joint employer, agent, employer, alter ego and/or joint venturer of, or working in concert with each of the other Co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

18.     At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

CLASS ACTION COMPLAINT

19.     At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.  At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## FACTUAL BACKGROUND

20.     Plaintiff Teresa Carlisle was employed by Defendants as an hourly, non-exempt employee at an Amazon fulfillment center in San Bernardino, California from approximately December 20, 2020, to March or April 2021.

21.     Plaintiff alleges that Defendants did not properly accrue to herself and similarly situated employees all earned and vested vacation wages (including but not limited to personal days, flexible days, paid time off, PTO, and other paid time off) and fails to cash out at the end of employment all such earned and unused vacation time.  Defendants' uniform corporate policy results in a cliff-vesting forfeiture in violation of Labor Code § 227.3 in that by agreement employees can earn toward a set of promised vacation days (including but not limited to personal days, flexible days, paid time off, PTO, and other paid time off), and by their work have earned these days, however, such earned vacation time awarded these employees and is not cashed out but is forfeited.

22.     Plaintiff further alleges that Defendants failed to pay her and similarly situated employees a promised sign-on bonus or hiring bonus of $1,000 (hereafter such sign-on or hiring bonus shall be referred to as "sign-on bonus").  Defendants' written job advertisement stated that she and all applicants who were hired to work for Defendants would receive a $1,000 sign-on bonus.  Plaintiff and similarly situated employees forewent other potential job opportunities, submitted the application materials to and completed the online test for Defendants, and were hired to work for Defendants.  Plaintiff and similarly situated employees did work for Defendants, but Defendants did not pay them

5

the promised $1,000 sign-on bonus wages. As such, Defendants breached their contract with Plaintiff and similarly situated employees, causing them damages.

23.     Plaintiff and similarly situated employees were and are victims of the policies, practices and customs of Defendants complained of in this action in ways that have deprived them of the rights guaranteed them by California Labor Code §§ 227.3, California Business and Professions Code §17200, et seq., the applicable wage order(s) issued by the IWC, and California contract law.

**CLASS ACTION ALLEGATIONS**

24.     Class Definition: The named individual Plaintiff brings this action on behalf of herself and a Class of all current and former employees of Defendants who worked at Amazon warehouses, distribution centers, and fulfillment centers in California during the period from July 14, 2018, to the present, including the following Subclasses:

(a)     all former employees of Defendants who worked at Amazon warehouses, distribution centers, and fulfillment centers in California to whom Defendants applied policies regarding vacation time and personal choice holidays (including vacation equivalent days such as flexible days, PTO days, and personal days) during the period from July 14, 2018, to the present;

(b)     all former employees of Defendants who worked at Amazon warehouses, distribution centers, and fulfillment centers in California who from Defendants' records were not paid out all earned and accrued vacation time (including vacation equivalent days such as flexible days, PTO days, and personal days) and whose employment was ended at any time during the period from July 14, 2018, to the present;

(c)     all current and former employees of Defendants who were hired to work and worked at Amazon warehouses, distribution centers, and fulfillment centers in California during a period of Amazon advertising a sign-on bonus and who were not paid a promised sign-on bonus, at any time during the period between July 14, 2018, and the present; and

(d)     all current and former employees of Defendants who were hired to work and worked at Amazon warehouses, distribution centers, and fulfillment centers in California and who were not paid a promised sign-on bonus, at any time during the period between July 14, 2018, and the present.

25.     Numerosity: The members of the Class and each Subclass exceeds 100 persons and are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the class is readily ascertainable by review of Defendants' records, including payroll records. Plaintiff is informed and believes and based thereon alleges that: (a) class members had vacation wages and personal choice holidays (including vacation equivalent days such as flexible days, PTO days, and personal days) forfeited; and (b) class members were not paid their sign-on bonus wages as agreed.

26.     Adequacy of Representation: The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and individual Plaintiff. Plaintiff's attorneys have certified, prosecuted, and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California courts.

27.     Common Questions of Law and Fact: There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning Defendants: (a) whether Defendants failed to pay employees for all hours worked prior to the start of their first assigned shift, (b) whether Defendants' vacation policies comply with California law; (c) whether Defendants failed to pay all vested vacation wages at the end of employment; (d) whether Defendants failed to pay all sign-on bonus wages as agreed; and (e) engaging in unfair business practices.

28.     Typicality: The claims of Plaintiff are typical of the claims of all members of the class. Plaintiff is a member of the class and has suffered the alleged violations of California Labor Code §§ 227.3, the California Business and Professions Code § 17200, et seq., the applicable wage order(s) issued by the IWC, and breach of California contract law.

29.     The California Labor Code and Wage Order provisions upon which Plaintiff bases her claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take

CLASS ACTION COMPLAINT

advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

30. The nature of this action and the format of laws available to Plaintiff and members of the class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Requiring each class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers and subsequent employment.

31. The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of: (a) inconsistent or varying adjudications with respect to individual class members against the Defendants and which would establish potentially incompatible standards of conduct for the Defendants; and/or (b) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

32. Proof of a common business practice or factual pattern, which the named Plaintiff experienced and is representative of, will establish the right of each of the members of the Class to recovery on the causes of action alleged herein.

33. The Class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendants. The Class is commonly entitled to restitution of those funds being improperly withheld by Defendants. This action is brought for the benefit of the entire class and will result in the creation of a common fund.

# FIRST CAUSE OF ACTION

## For Forfeiture of Vested Earned Vacation in Violation of Labor Code § 227.3

### (Against All Defendants by Plaintiff and the Class)

34.     Plaintiff hereby incorporates by reference all preceding paragraphs as alleged above as if fully set forth herein.

35.     This cause of action is brought pursuant to Labor Code § 227.3 which prohibits employers from forfeiting the vested vacation wages and personal choice holidays of their employees (including but not limited to personal days, flexible days, paid time off, PTO, and other paid time off).

36.     As a matter of uniform corporate policy, procedure and practice Defendants violated Labor Code § 227.3 by failing to properly accrue to Plaintiff and similarly situated employees all earned and vested vacation wages (including but not limited to personal days, flexible days, paid time off, PTO, and other paid time off) and fails to cash out at the end of employment all such earned and unused vacation time.

37.     Defendants' uniform corporate policy results in a cliff-vesting forfeiture in violation of Labor Code § 227.3 in that by agreement employees can earn toward a set of promised vacation days (including but not limited to personal days, flexible days, paid time off, PTO, and other paid time off), and by their work have earned these days, however, such earned vacation time awarded these employees and is not cashed out but is forfeited.

38.     As such, Plaintiff and similarly situated employees had such vacation wages forfeited, specifically in that Plaintiff was not paid for all vacation wages and personal choice holidays (including, but not limited to personal days, flexible days, paid time off, 'PTO', and other paid time off) that she had legally earned, vested, and had not used at the time she and their employment ended and, further, legally earned vacation wages and personal choice holidays (including, but not limited to personal days, flexible days, paid time off, 'PTO', and other paid time off).

39.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery

by Plaintiff and the class in a civil action for damages and wages owed and for costs and attorneys'
fees.

### SECOND CAUSE OF ACTION

### Breach of Written Contract

### (Against All Defendants by Plaintiff and the Class)

40.     Plaintiff hereby incorporates by reference all preceding paragraphs as alleged above as
if fully set forth herein.

41.     The elements of an action for breach of written contract are: (1) existence of the
contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4)
damages to plaintiff as a result of the breach. *Richman v. Hartley*, 224 Cal.App.4th, 1182, 1186
(2014).

42.     As a pattern and practice, Defendants regularly failed to pay Plaintiff and class
members their promised sign-on bonus wages. Defendants promised in writing, including via online
advertisements, that if an applicant was hired to work for Defendants, the applicant would receive a
$1,000 bonus.

43.     Plaintiff and similarly situated employees forewent other potential job opportunities,
submitted the application materials to and completed the online test for Defendants, and were hired to
work for Defendants. Plaintiff and similarly situated employees then did indeed perform work for
Defendants.

44.     However, Defendants breached the contract and did not pay Plaintiff and class
members the promised $1,000 sign-on bonus wages.

45.     As a direct and proximate result of Defendants' breach, Plaintiff and class members
suffered damages. Plaintiff and class members lost the opportunity to obtain alternate employment
and lost the sign-on bonus wages promised by Defendants.

### THIRD CAUSE OF ACTION

### For Violations of Business and Professions Code § 17200, *et seq.*

### (Against All Defendants by Plaintiff and the Class)

CLASS ACTION COMPLAINT

46.     Plaintiff hereby incorporates by reference all preceding paragraphs as alleged above as if fully set forth herein.

47.     Defendants, and each of them, have engaged and continue to engage in unfair business practices in California by practicing, employing and utilizing the employment practices outlined above, inclusive, to wit, by their: (1) failure to pay all vested vacation wages earned (including but not limited to personal days, flexible days, paid time off, PTO, and other paid time off); and (2) failure to pay all sign-on bonus wages promised.

48.     Defendants' utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendants' competitors.

49.     Plaintiff seeks, on her own behalf, on behalf of other members of the class similarly situated, and on behalf of the general public, full restitution of vacation and sign-on bonus monies, as necessary and according to proof, to restore any and all such monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

50.     The restitution includes the equivalent of: all vested vacation wages earned (including but not limited to personal days, flexible days, paid time off, PTO, and other paid time off) but not paid; and all sign-on bonus wages owed.

51.     The acts complained of herein occurred within the last four years preceding the first filing of the complaint in this action.

52.     Plaintiff is informed and believes and on that basis alleges that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200, et seq., including those set forth herein above thereby depriving Plaintiff and other members of the general public the minimum working condition standards and conditions due to them under the California laws and Industrial Welfare Commission wage orders as specifically described therein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on her own behalf and on the behalf of the members of the class and the general public prays for judgment as follows:

11

CLASS ACTION COMPLAINT

1. For an order certifying the proposed classes and subclasses;

2. For an order appointing Plaintiff as the representative of the classes and subclasses;

3. For an order appointing Counsel for Plaintiff as class counsel;

4. Upon the First Cause of Action, for all vested vacation wages and personal choice holidays (including but not limited to personal days, flexible days, paid time off, PTO, and other paid time off) pursuant to Labor Code § 227.3 and for costs and attorneys' fees;

5. Upon the Second Cause of Action, for damages according to proof for breach of contract;

6. Upon the Third Cause of Action, for restitution to Plaintiff and other similarly affected members of the general public of all vacation and sign on bonus funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be violative of the mandate established by California Business and Professions Code section 17200, et seq.;

7. For reasonable attorneys' fees, expenses and costs as provided by California Labor Code § 218.5, 227.3, and Code of Civil Procedure § 1021.5;

8. For all pre- and post-judgment interest; and

9. For such other and further relief the court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, for herself and the Class, hereby demands a jury trial as provided by California law.

DATED: July 14, 2022         **LAW OFFICES OF PETER M. HART**

By: _____
Peter M. Hart
Ashlie E. Fox
Attorneys for Plaintiff Teresa Carlisle

12

CLASS ACTION COMPLAINT

# Exhibit B

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AMAZON.COM INC., a Delaware corporation, Additional Parties Attachment form is attached

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
TERESA CARLISLE, as an individual and on behalf of others similarly situated,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
07/14/2022
Chad Finke, Executive Officer / Clerk of the Court
By: _____ X. Bowie _____ Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es)*: Alameda County Superior Court 1225 Fallon Street Oakland, CA 94612 | CASE NUMBER: *(Número del Caso):* 22CV014326 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*:
Peter M. Hart, 12121 Wilshire Blvd., Suite 525, Los Angeles, CA 90025, (310) 478-5789

DATE:
*(Fecha)* 07/14/2022    Chad Finke, Executive Officer / Clerk of the Court    Clerk, by    X. Bowie    , Deputy
*(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Amazon.com Inc. a Delaware corporation
   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 10/5/22

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

**SUM-200(A)**

| SHORT TITLE:<br>Carlisle v. Amazon.com Inc., et al. | CASE NUMBER: |
|---|---|

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

AMAZON.COM SERVICES LLC, a Delaware limited liability corporation; AMAZON WEB SERVICES, INC., a Delaware corporation; and DOES 1 through 100, inclusive,

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Peter M. Hart (State Bar No. 198691)<br>Law Offices of Peter M. Hart<br>12121 Wilshire Blvd., Suite 525<br>Los Angeles, CA 90025<br>TELEPHONE NO.: (310) 478-5789      FAX NO: (509) 561-6441<br>ATTORNEY FOR *(Name):* Teresa Carlisle | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>07/14/2022 at 09:02:00 AM<br>By: Xian-xii Bowie,<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **ALAMEDA**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
Teresa Carlisle, et al. v. Amazon.com Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 22CV014326 |
| | | | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2)*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties        d. ☑ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel     e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve               in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence          f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary    b. ☑ nonmonetary; declaratory or injunctive relief    c. ☐ punitive
4. Number of causes of action *(specify):* Three (3)
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 14, 2022
Peter M. Hart                                                        ►
_____                                   _____
(TYPE OR PRINT NAME)                                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|
| | | American LegalNet, Inc.<br>www.FormsWorkflow.com |

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
  domain, landlord/tenant, or
  foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: **Carlisle v. Amazon.com Inc., et al.** | Case Number: |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[ X ] Oakland, Rene C. Davidson Alameda County Courthouse (446)
[ ] Hayward Hall of Justice (447)
[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | | Alameda County Case Type (check only one) |
|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] 34 | Auto tort (G) |
| | **Is this an uninsured motorist case? [ ] yes [ ] no** | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] 75 | Asbestos (D) |
| | Product liability (24) | [ ] 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] 80 | Civil rights (G) |
| | Defamation (13) | [ ] 84 | Defamation (G) |
| | Fraud (16) | [ ] 24 | Fraud (G) |
| | Intellectual property (19) | [ ] 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] 38 | Wrongful termination (G) |
| | Other employment (15) | [ X ] 85 | Other employment (G) |
| | | [ ] 53 | Labor comm award confirmation |
| | | [ ] 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] 81 | Collections (G) |
| | Insurance coverage (18) | [ ] 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] 94 | Unlawful Detainer - commercial |
| | Residential (32) | [ ] 47 | Unlawful Detainer - residential |
| | Drugs (38) | [ ] 21 | Unlawful detainer - drugs |
| Judicial Review | Asset forfeiture (05) | [ ] 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] 49 | Writ of mandate |
| | Other judicial review (39) | [ ] 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] 19 | Enforcement of judgment |
| | | [ ] 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] 06 | Change of name |
| | | [ ] 89 | Other petition |

For Unlawful Detainer: **Is the deft. in possession of the property? [ ] Yes [ ] No**

For Judicial Review: **Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>07/14/2022 |
| PLAINTIFF:<br>TERESA CARLISLE, as an individual and on behalf of others simil: | Chad Finke, Executive Officer / Clerk of the Court<br>By _____ Deputy<br>X. Bowie |
| DEFENDANT:<br>AMAZON.COM INC., a Delaware corporation et al | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER<br>22CV014326 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

| | | | |
|---|---|---|---|
| Date: 11/14/2022 | Time: 8:30 AM | Dept.: 23 | |
| Location: Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | | | |

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

**NOTICE OF<br>CASE MANAGEMENT CONFERENCE**

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>07/14/2022<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _X. Bowie_ Deputy<br>X. Bowie |
| PLAINTIFF/PETITIONER:<br>TERESA CARLISLE, as an individual and on behalf of others similarly situated | |
| DEFENDANT/RESPONDENT:<br>AMAZON.COM INC., a Delaware corporation et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>22CV014326 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Peter M Hart
LAW OFFICES OF PETER M. HART
12121 Wilshire Boulevard, Suite 525
Los Angeles, CA 90025

Chad Finke, Executive Officer / Clerk of the Court

Dated: 07/15/2022                    By:

X. Bowie, Deputy Clerk

**CERTIFICATE OF MAILING**

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**<br>**Branch Name:** Rene C. Davidson Courthouse<br>**Mailing Address:** 1225 Fallon Street<br>**City, State and Zip Code:** Oakland CA 94612 | |
| **SHORT TITLE:** CARLISLE, AS AN INDIVIDUAL AND ON BEHALF OF OTHERS SIMILARLY SITUATED vs AMAZON.COM INC., A DELAWARE CORPORATION, et al. | **CASE NUMBER:**<br>22CV014326 |
| **NOTICE OF CONFIRMATION OF ELECTRONIC FILING** | |

The Electronic Filing described by the below summary data was reviewed and accepted by the Superior Court of California, County of ALAMEDA. In order to process the filing, the fee shown was assessed.

### Electronic Filing Summary Data

Electronically Submitted By:  Legal Connect ALA
Reference Number: 6036023_2022_07_14_15_51_02_758_7
Submission Number: 22AA00088005
Court Received Date: 07/14/2022
Court Received Time: 9:02 am
Case Number: 22CV014326
Case Title: CARLISLE, AS AN INDIVIDUAL AND ON BEHALF OF OTHERS SIMILARLY SITUATED vs AMAZON.COM INC., A DELAWARE CORPORATION, et al.
Location: Rene C. Davidson Courthouse
Case Type: Civil Unlimited
Case Category: Other Employment Complaint Case
Jurisdictional Amount: Over $25,000
Notice Generated Date: 07/15/2022
Notice Generated Time: 11:48 am

| **Documents Electronically Filed/Received** | **Status** |
|---|---|
| Complaint | Accepted |
| Summons | Accepted |
| Civil Case Cover Sheet | Accepted |

### Comments
Submitter's Comments:

---

**NOTICE OF CONFIRMATION OF FILING**

Clerk's Comments:

**Electronic Filing Service Provider Information**
Service Provider: Legal Connect ALA
Contact: Legal Connect
Phone:

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**09/28/2022 at 09:04:32 AM**
By: Darmekia Oliver,
Deputy Clerk

1

**MARLIN & SALTZMAN, LLP**

2

Stanley D. Saltzman, Esq. (SBN: 90058)
ssaltzman@marlinsaltzman.com

3

29800 Agoura Road, Suite 210
Agoura Hills, California 91301

4

Telephone: (818) 991-8080
Facsimile: (818) 991-8081

5

6

**LAW OFFICES OF PETER M. HART**
Peter M. Hart (Bar No. 198691)

7

hartpeter@msn.com
Ashlie E. Fox (Bar No. 294407)

8

ashlie.fox.loph@gmail.com
12121 Wilshire Blvd., Suite 525

9

Los Angeles, CA 90025

10

Telephone: (310) 478-5789
Facsimile: (509) 561-6441

11

12

Attorneys for Plaintiff TERESA CARLISLE

13

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14

**FOR THE COUNTY OF ALAMEDA**

15

16

17

TERESA CARLISLE, as an individual and on
behalf of others similarly situated,

18

Plaintiff,

19

v.

20

AMAZON.COM INC., a Delaware corporation;
AMAZON.COM SERVICES LLC, a Delaware

21

limited liability corporation; AMAZON WEB

22

SERVICES, INC., a Delaware corporation, and
DOES 1 through 100, inclusive,

23

Defendants.

24

**CASE NO. 22CV014326**

[Assigned to Hon. Brad Seligman, Dept. 23]

**PLAINTIFF'S NOTICE OF ASSOCIATION OF CO-COUNSEL**

Complaint filed: July 14, 2022

25

26

27

1

**TO THE COURT, ALL PARTIES HEREIN & THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE THAT:**

Plaintiff Teresa Carlisle hereby associates Stanley D. Saltzman, Esq. (State Bar No. 90058) of Marlin & Saltzman, LLP as co-counsel in this matter, and requests that all future service of pleadings, discovery, and correspondence also be made on Attorney Saltzman at the following address:

> Stanley D. Saltzman, Esq. (SBN: 90058)
> ssaltzman@marlinsaltzman.com
> **MARLIN & SALTZMAN, LLP**
> 29800 Agoura Road, Suite 210
> Agoura Hills, California 91301
> Telephone: (818) 991-8080
> Facsimile: (818) 991-8081

DATED: September 28, 2022          MARLIN & SALTZMAN, LLP


By:   */s/ Stanley D. Saltzman*
      Stanley D. Saltzman
      Attorneys for Plaintiff
      TERESA CARLISLE


DATED: September 28, 2022          LAW OFFICES OF PETER M. HART


By:   */s/ Peter M. Hart*
      Peter M. Hart
      Ashlie E. Fox
      Attorneys for Plaintiff
      TERESA CARLISLE

PLAINTIFF'S NOTICE OF ASSOCIATION OF CO-COUNSEL

# Exhibit C

1   Steven A. Groode, Bar No. 210500
    sgroode@littler.com
2   LITTLER MENDELSON P.C.
    1255 Treat Blvd., Suite 600
3   Walnut Creek, California  94597
    Telephone:     925.932.2468
4   Fax No:         925.946.9809

5   Anthony Ly, Bar No. 228883
    aly@littler.com
6   LITTLER MENDELSON P.C.
    2049 Century Park East, 5th Floor
7   Los Angeles, California  90067.3107
    Telephone:     310.553.0308
8   Fax No.:        310.553.5583

9   Erin N. Collins, Bar No. 291726
    ecollins@littler.com
10  LITTLER MENDELSON P.C.
    633 West Fifth Street, 63rd Floor
11  Los Angeles, California  90071
    Telephone:     213.443.4300
12  Fax No.:        213.443.4299

13  Attorneys for Defendants
    AMAZON.COM, INC., AMAZON.COM SERVICES
14  LLC, AMAZON WEB SERVICES, INC.

15              SUPERIOR COURT OF THE STATE OF CALIFORNIA

16                          COUNTY OF ALAMEDA

17

18  TERESA CARLISLE, as an individual and on      Case No. 22CV014326
    behalf of others similarly situated,
19                                                **DEFENDANTS AMAZON.COM, INC.,**
            Plaintiff,                            **AMAZON.COM SERVICES LLC, AND**
20                                                **AMAZON WEB SERVICES, INC.'S**
        v.                                        **ANSWER TO CLASS ACTION**
21                                                **COMPLAINT**
    AMAZON.COM, INC., a Delaware corporation;
22  AMAZON.COM SERVICES LLC, a Delaware           ASSIGNED FOR ALL PURPOSES TO
    limited liability corporation; AMAZON WEB     JUDGE BRAD SELIGMAN, DEPT. 23
23  SERVICES, INC., a Delaware corporation, and
    DOES 1 through 100, inclusive,                Complaint Filed:  July 14, 2022
24
            Defendants.
25

26

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT

Defendants AMAZON.COM, INC. (erroneously sued as Amazon.com Inc.), AMAZON.COM SERVICES LLC, and AMAZON WEB SERVICES, INC. ("Defendants") by and through their attorneys, hereby answer the unverified Class Action Complaint for Damages ("Complaint") of Plaintiff TERESA CARLISLE ("Plaintiff"), as follows:

## GENERAL DENIAL

Pursuant to the provisions of Code of Civil Procedure section 431.30, Defendants generally deny each and every allegation contained in the Complaint. In addition, Defendants deny that Plaintiff or the putative class have sustained, or will sustain, any loss or damage in the manner or amount alleged, or otherwise, by reason of any act or omission of, or any other conduct or absence thereof on the part of, Defendants. Defendants further generally and specifically deny that Plaintiff or the putative class are entitled to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative defenses. In so doing, Defendants do not concede that they have the burden of production or proof as to any defense asserted below. Further, Defendants do not presently know all of the facts concerning Plaintiff's and/or some or all of the alleged putative class members' conduct sufficient to state all affirmative defenses at this time. Accordingly, Defendants will seek leave to amend this Answer should they later discover facts demonstrating the existence of additional affirmative defenses.

### FIRST DEFENSE
### (FAILURE TO STATE A CLAIM)

1.      Plaintiff's Complaint, and each cause of action set forth therein, fails to state facts sufficient to constitute a cause of action against Defendants.

### SECOND DEFENSE
### (STATUTE OF LIMITATIONS)

2.      Plaintiff's and/or the alleged putative class members' Complaint, and each cause of action set forth therein, are barred, in whole or in part, by the applicable statutes of limitations including, but not limited to, California Code of Civil Procedure sections 337(a), 338(a), and Business & Professions Code section 17208.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

**THIRD DEFENSE**

**(NO EMPLOYMENT RELATIONSHIP)**

3.      Defendants alleges that only Amazon.com Services LLC employed Plaintiff and, therefore, the Complaint, and each of its claims, fails to state a claim upon which relief can be granted as to Defendants Amazon.com, Inc. and Amazon Web Services, Inc.

**FOURTH DEFENSE**

**(WAIVER)**

4.      Any recovery of Plaintiff's Complaint is barred, in whole or in part, to the extent that Plaintiff and/or the alleged putative class members, by reason of their acts, conduct, and/or omissions, have waived or released their rights, if any, to obtain the relief sought in the Complaint.

**FIFTH DEFENSE**

**(EQUITABLE DEFENSES)**

5.      Any recovery on Plaintiff's Complaint is barred, in whole or in part, to the extent that Plaintiff and/or the alleged putative class members' claims are estopped, barred by laches, barred by unclean hands, and/or barred by other equitable defenses.

**SIXTH DEFENSE**

**(CONSENT)**

6.      Plaintiff's Complaint, and each cause of action alleged therein, or some of them, are barred by the doctrine of consent.

**SEVENTH DEFENSE**

**(RELEASE)**

7.      Each of Plaintiff's and/or the alleged putative class members' claims are barred by waiver and release to the extent that Plaintiff and/or any putative class members have released or will release Defendants from liability for such claims asserted in the Complaint.

**EIGHTH DEFENSE**

**(GOOD FAITH)**

8.      Plaintiff's Complaint, and each cause of action alleged therein, or some of them, cannot be maintained because, without admitting that any violation took place, any violation of the Labor

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

3.

DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT

Code or Order of the Industrial Welfare Commission was not knowingly, willfully, or intentionally done and/or was an act or omission made in good faith, because there exists a good faith dispute as to whether further compensation is due and/or Defendants had reasonable grounds for believing that they complied with applicable laws and that any act or omission was not a violation of the Labor Code or any Order of the Industrial Welfare Commission, such that Plaintiff and the putative class members are not entitled to any damages in excess of any wages and are not entitled to any liquidated damages.

## NINTH DEFENSE

### (BREACH OF DUTIES)

9.     Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that the Complaint and each cause of action set forth therein is barred by Plaintiff's and/or the alleged putative class members' own breach of duties owed to Defendants pursuant to the California Labor Code, including but not limited to California Labor Code §§ 2853, 2854, 2856-2859 and/or the refusal or failure by Plaintiff and/or the putative class to meet Defendants' reasonable expectations and the job performance requirements.

## TENTH DEFENSE

### (*DE MINIMIS*)

10.     Plaintiff and/or putative class members are barred from relief because each purported cause of action stated in the Complaint is barred under the *de minimis* doctrine.

## ELEVENTH DEFENSE

### (CREDIT AND OFFSET)

11.     Plaintiff's Complaint, and each cause of action alleged therein, or some of them, are barred in whole or in part because any recovery by Plaintiff and/or the putative class members must be offset against any relief due to Defendants from Plaintiff and/or members of the putative class that Plaintiff seeks to represent, based upon their respective wrongful conduct and/or monies owed to Defendants, including, but not limited to, any overpayments for hours worked.

## TWELFTH DEFENSE

### (UNJUST ENRICHMENT)

12.     Plaintiff's claims and/or the putative class members' claims are barred, in whole or in

4.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

part, on the grounds of unjust enrichment.

## THIRTEENTH DEFENSE

### (SECTION 17200 IS UNCONSTITUTIONAL)

13.     As a separate and distinct affirmative defense to the eighth cause of action, Defendants allege that the prosecution of a representative action on behalf of the general public under California Business and Professions Code section 17200, *et seq*., as applied to the facts and circumstances of this case, would constitute a denial of Defendants' due process rights, both substantive and procedural, in violation of the California Constitution and the Fourteenth Amendment to the United States Constitution.

## FOURTEENTH DEFENSE

### (CLASS ACTION – STANDING)

14.     Plaintiff's Complaint, and each cause of action alleged therein, or some of them, are barred because Plaintiff is not an adequate and proper representative of the putative class she purports to represent, and she lacks standing to pursue claims against Defendants.

## FIFTEENTH DEFENSE

### (CLASS ACTION – LACK OF MANAGEABILITY)

15.     Plaintiff's Complaint and each purported cause of action alleged therein, cannot proceed as a purported class action because of difficulties likely to be encountered that render the action unmanageable.

## SIXTEENTH DEFENSE

### (CLASS ACTION – NO DAMAGES)

16.     Plaintiff's Complaint and each purported cause of action alleged therein cannot be tried on a representative basis or with the use of statistical sampling consistent with due process because the use of representative evidence or statistical sampling would result in damages being awarded to those who have suffered no injury and have no legal right to damages.

## SEVENTEENTH DEFENSE

### (PERFORMANCE EXCUSED)

17.     Without admitting that any contract has been formed between the parties, Plaintiff's

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

5.

DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT

purported second cause of action for breach of contract cannot be maintained because Defendants'

obligations, if any, have been extinguished pursuant to section 1495 of the Civil Code because Plaintiff

and putative class members, or some of them, were not able or willing to perform according to any

offer by them to perform their obligations under the contract, if any.

**EIGHTEENTH DEFENSE**

**(CONDITIONS PRECEDENT)**

18.    Without admitting that any contract has been formed between the parties, Plaintiff's

purported second cause of action for breach of contract cannot be maintained because any obligations

of Defendants, if any, were conditional pursuant to sections 1434 and/or 1436 of the Civil Code and

Defendants have no obligation to perform.

**NINETEENTH DEFENSE**

**(MISTAKE OF LAW AND/OR FACT)**

19.    Without admitting that any contract has been formed between the parties, Plaintiff's

purported second cause of action for breach of contract cannot be maintained because of Defendants'

mistake of fact and/or law in connection with the formation of any contract.

**TWENTIETH DEFENSE**

**(PERFORMANCE FRUSTRATED)**

20.    Without admitting that any contract has been formed between the parties, Plaintiff's

purported second cause of action for breach of contract cannot be maintained because Plaintiff,

putative class members, or some of them, prevented or frustrated Defendants' performance under the

contract(s).

**TWENTY-FIRST DEFENSE**

**(PRIOR MATERIAL BREACHES)**

21.    Without admitting that any contract has been formed between the parties, Plaintiff's

purported second cause of action for breach of contract is barred because any breaches of alleged

contracts, which Defendants deny, were excused by Plaintiff's and/or putative class members' prior

material breaches of contracts.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

6.

DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT

## TWENTY-SECOND DEFENSE

### (MODIFICATION)

22.     Without admitting that any contract has been formed between the parties, Plaintiff's purported second cause of action for breach of contract cannot be maintained against Defendants because of modification of the alleged contracts by written or oral agreement.

## TWENTY-THIRD DEFENSE

### (RESCISSION)

23.     Without admitting that any contract has been formed between the parties, Plaintiff's purported second cause of action for breach of contract cannot be maintained against Defendants due to rescission.

## TWENTY-FOURTH DEFENSE

### (BREACH OF COVENANT OF GOOD FAITH)

24.     Without admitting that any contract has been formed between the parties, Plaintiff's purported second cause of action for breach of contract is barred in whole or in part by Plaintiff's and/or putative class members' own breaches of the covenant of good faith and fair dealing.

## TWENTY-FIFTH DEFENSE

### (PERFORMANCE SATISFIED)

25.     As a separate and distinct affirmative defense, any duty or obligation, contractual or otherwise, which Plaintiff claim was owed by Defendants has been, or will be before the conclusion of this action, partially or fully performed, satisfied, and/or discharged.

## TWENTY-SIXTH DEFENSE

### (FAILURE TO MITIGATE)

26.     As a separate and distinct defense, Plaintiff and/or any putative class members are barred from obtaining recovery against Defendants by reason of their failure to mitigate alleged damages, if any, or, alternatively, any damages or other relief awarded to Plaintiff and/or the putative class members must be reduced or limited to the extent of such failure to mitigate.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

7.

DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT

1

**TWENTY-SEVENTH DEFENSE**

2

**(AVOIDABLE CONSEQUENCES)**

3       27.    As a separate and distinct defense, Defendants allege that Plaintiff and/or the putative

4 class members are barred from recovering any damages as such damages must be offset or reduced,

5 pursuant to the avoidable consequences doctrine to the extent Defendants took reasonable steps to

6 ensure Plaintiff and/or the putative class members were properly compensated for all work in good

7 faith compliance with California law, and Plaintiff and/or the putative class members unreasonably

8 failed to use preventative and corrective opportunities provided to them, and reasonable use of such

9 procedures would have prevented at least some, if not all, of the harm allegedly suffered.

10

**TWENTY-EIGHTH DEFENSE**

11

**(ACCORD AND SATISFACTION)**

12      28.    As a separate and distinct defense, Defendants allege that Plaintiff's claims fail because

13 Plaintiff and/or the putative class members that Plaintiff purports to represent have been fully paid all

14 amounts legally owed by Defendants, and by accepting the payments made to them, they have

15 effectuated an accord and satisfaction of their claims.

16

**ADDITIONAL DEFENSES**

17      Defendants allege that the Complaint does not describe the claims or facts alleged by Plaintiff

18 with sufficient particularity to permit Defendants to ascertain what other defenses may exist.

19 Defendants will rely on any and all further defenses that become available or appear during discovery

20 in this action and specifically reserves the right to seek leave of this Court to amend this answer.

21

**PRAYER FOR RELIEF**

22 WHEREFORE, Defendants pray for relief as follows:

23      1.    That Plaintiff takes nothing and that the Complaint be dismissed in its entirety with

24           prejudice;

25      2.    That judgment be entered in Defendants' favor;

26      3.    That Defendants be awarded their attorneys' fees and costs of suit in accordance with

27           California Labor Code section 218.5; and

28      4.    That Defendants be awarded such other and further relief as the Court deems just and

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

8.

DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT

1           proper.

2

3   Dated: November 2, 2022                     Respectfully submitted,

4                                    LITTLER MENDELSON, P.C.

5

6

7                                    Steven A. Groode
                                   Anthony Ly
                                   Erin N. Collins

8

9                                    Attorneys for Defendants
                                   AMAZON.COM, INC., AMAZON.COM

10                                    SERVICES LLC, AMAZON WEB
                                   SERVICES, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

9.

DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles, CA 90067.

On November 2, 2022, I served the within document(s):

**DEFENDANTS AMAZON.COM, INC., AMAZON.COM SERVICES LLC, AND AMAZON WEB SERVICES, INC.'S ANSWER TO CLASS ACTION COMPLAINT**

☐     **By personal service.** I personally delivered the documents to the persons at the addresses listed below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

☒     **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses below and *(specify one):*

       ☐   deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

       ☒   placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at: **Los Angeles, California**.

☐     **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

10.

DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT

☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a professional messenger service for service. *(A confirmation document by the professional messenger service will be retained in our office.)*

☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☒ **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.

☐ **BY ELECTRONIC MAIL**–ONE LEGAL, L.L.C. by submitting an electronic version of the document(s) to One Legal, LLC, through the user interface at www.onelegal.com. Based on California Rules of Court Rule 2.251(Rev 1/2012). The electronic notification address of the person(s) making the service is mlozano@littler.com

Peter M. Hart
Ashlie E. Fox
LAW OFFICES OF PETER M. HART
12121 Wilshire Blvd., Suite 525
Los Angeles, CA 90025
Telephone: (310) 478-5789
Facsimile: (509) 561-6441
hartpeter@msn.com
ashlie.fox.loph@gmail.com

Stanley D. Saltzman
MARLIN & SALTZMAN, LLP
29800 Agoura Road, Suite 210
Agoura Hills, California 91301
Telephone: (818) 991-8080
Facsimile: (818) 991-8081
ssaltzman@marlinsaltzman.com

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on November 2, 2022 at Los Angeles, California.

_____
Maria Lozano

4889-8537-0154.5 / 096748-1004

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

11.

DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT

# Exhibit D

Steven A. Groode, Bar No. 210500
sgroode@littler.com
LITTLER MENDELSON P.C.
1255 Treat Blvd., Suite 600
Walnut Creek, California  94597
Telephone:     925.932.2468
Fax No:         925.946.9809

Anthony Ly, Bar No. 228883
aly@littler.com
LITTLER MENDELSON P.C.
2049 Century Park East, 5th Floor
Los Angeles, California  90067.3107
Telephone:     310.553.0308
Fax No.:        310.553.5583

Erin N. Collins, Bar No. 291726
ecollins@littler.com
LITTLER MENDELSON P.C.
633 West Fifth Street, 63rd Floor
Los Angeles, California  90071
Telephone:     213.443.4300
Fax No.:        213.443.4299

Attorneys for Defendants
AMAZON.COM, INC., AMAZON.COM SERVICES
LLC, AMAZON WEB SERVICES, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF ALAMEDA

| | |
|---|---|
| TERESA CARLISLE, as an individual and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware limited liability corporation; AMAZON WEB SERVICES, INC., a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 22CV014326<br><br>**DEFENDANTS AMAZON.COM, INC., AMAZON.COM SERVICES LLC, AND AMAZON WEB SERVICES, INC.'S MOTION FOR PEREMPTORY DISQUALIFICATION**<br><br>[Code of Civil Procedure § 170.6]<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE BRAD SELIGMAN, DEPT. 23<br><br>Trial Date:  N/A<br>Complaint Filed: July 14, 2022 |

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANTS' MOTION FOR PEREMPTORY DISQUALIFICATION

**PLEASE TAKE NOTICE** that the attorneys for Defendants Amazon.com, Inc. (erroneously sued as Amazon.com Inc.), Amazon.com Services LLC, and Amazon Web Services, Inc. ("Defendants") in the above-entitled matter hereby move that this case, which involves contested issues of law and/or fact, and which has been assigned to the Honorable Brad Seligman for all purposes, be reassigned from that judge and that no matters hereinafter arising in this case be heard by or assigned to the Honorable Brad Seligman on the grounds that said judge is prejudiced against Defendants or the interests of Defendants in this action such that Defendants believe that they cannot have a fair and impartial trial before said judge.

This motion is based upon the matters contained herein, Section 170.6 of the California Code of Civil Procedure, and the supporting declaration of Steven A. Groode filed and served concurrently herewith.

WHEREFORE, Defendants respectfully request that this Court grant the relief requested by this motion.

Dated: November 2, 2022

Respectfully submitted,

LITTLER MENDELSON, P.C.

Steven A. Groode
Anthony Ly
Erin N. Collins

Attorneys for Defendants
AMAZON.COM, INC., AMAZON.COM
SERVICES LLC, AMAZON WEB SERVICES,
INC.

4862-2376-8618.3 / 096748-1004

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

2.

DEFENDANTS' MOTION FOR PEREMPTORY DISQUALIFICATION

1    Steven A. Groode, Bar No. 210500
     sgroode@littler.com
2    LITTLER MENDELSON P.C.
     1255 Treat Blvd., Suite 600
3    Walnut Creek, California  94597
     Telephone:     925.932.2468
4    Fax No:          925.946.9809

5    Anthony Ly, Bar No. 228883
     aly@littler.com
6    LITTLER MENDELSON P.C.
     2049 Century Park East, 5th Floor
7    Los Angeles, California  90067.3107
     Telephone:     310.553.0308
8    Fax No.:          310.553.5583

9    Erin N. Collins, Bar No. 291726
     ecollins@littler.com
10   LITTLER MENDELSON P.C.
     633 West Fifth Street, 63rd Floor
11   Los Angeles, California  90071
     Telephone:     213.443.4300
12   Fax No.:          213.443.4299

13   Attorneys for Defendants
     AMAZON.COM, INC., AMAZON.COM SERVICES
14   LLC, AMAZON WEB SERVICES, INC.

15                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

16                            COUNTY OF ALAMEDA

17

18

19   TERESA CARLISLE, as an individual and on      Case No. 22CV014326
     behalf of others similarly situated,
20                                                  **DECLARATION OF STEVEN A.**
                       Plaintiff,                   **GROODE IN SUPPORT OF**
21                                                  **DEFENDANTS' MOTION FOR**
            v.                                      **PEREMPTORY DISQUALIFICATION**
22   AMAZON.COM, INC., a Delaware corporation;
     AMAZON.COM SERVICES LLC, a Delaware      [Code of Civil Procedure § 170.6]
23   limited liability corporation; AMAZON WEB
     SERVICES, INC., a Delaware corporation, and   ASSIGNED FOR ALL PURPOSES TO
24   DOES 1 through 100, inclusive,                 JUDGE BRAD SELIGMAN, DEPT. 23

25                     Defendants.                  Trial Date:  N/A
                                                    Complaint Filed: July 14, 2022
26

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DECLARATION OF STEVEN A. GROODE IN SUPPORT OF DEFENDANTS' MOTION FOR PEREMPTORY
DISQUALIFICATION

## DECLARATION OF STEVEN A. GROODE

I, Steven A. Groode, declare as follows:

1.      I am a Shareholder in the law firm of Littler Mendelson, a Professional Corporation, attorneys of record for Defendants Amazon.com, Inc., Amazon.com Services LLC, and Amazon Web Services, Inc. ("Defendants") in the above-entitled action.

2.      On July 14, 2022, Plaintiff filed this action in Alameda County Superior Court.

3.      On October 5, 2022, all Defendants were served.

4.      No Defendant has previously appeared in this action.

5.      Defendants' motion pursuant to California Code of Civil Procedure § 170.6 is timely because it is filed prior to and/or within 15 days after Defendants' first (general) appearance. Cal. Gov't. Code § 68616(i) (expressly overriding Cal. Civ. Pro § 170.6 10-day deadline for challenge); *La Seigneurie U.S. Holdings, Inc. v. Sup.Ct. (Clark)* (1994) 29 Cal. App. 4th 1500, 1504; *see also Motion Picture and Television Fund Hosp. v. Superior Ct. of Los Angeles County* (2001) 88 Cal. App. 4th 488).

6.      I am informed and believe that that the Honorable Brad Seligman before whom the aforesaid action is pending is prejudiced against Defendants or the interests of Defendants in this action such that Defendants believe that they cannot have a fair and impartial trial before said judge.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 2nd day of November, 2022, at Walnut Creek, California.

_____
STEVEN A. GROODE

4863-0575-4410.3 / 096748-1004

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

2.

DECLARATION OF STEVEN A. GROODE IN SUPPORT OF DEFENDANTS' MOTION FOR PEREMPTORY DISQUALIFICATION

1  Steven A. Groode, Bar No. 210500
   sgroode@littler.com
2  LITTLER MENDELSON P.C.
   1255 Treat Blvd., Suite 600
3  Walnut Creek, California  94597
   Telephone:     925.932.2468
4  Fax No:         925.946.9809

5  Anthony Ly, Bar No. 228883
   aly@littler.com
6  LITTLER MENDELSON P.C.
   2049 Century Park East, 5th Floor
7  Los Angeles, California  90067.3107
   Telephone:     310.553.0308
8  Fax No.:         310.553.5583

9  Erin N. Collins, Bar No. 291726
   ecollins@littler.com
10 LITTLER MENDELSON P.C.
   633 West Fifth Street, 63rd Floor
11 Los Angeles, California  90071
   Telephone:     213.443.4300
12 Fax No.:         213.443.4299

13 Attorneys for Defendants
   AMAZON.COM, INC., AMAZON.COM SERVICES
14 LLC, AMAZON WEB SERVICES, INC.

15              SUPERIOR COURT OF THE STATE OF CALIFORNIA

16                          COUNTY OF ALAMEDA

17

18 | TERESA CARLISLE, as an individual and on | Case No. 22CV014326 |
19 | behalf of others similarly situated, | |
   | | **[PROPOSED] ORDER GRANTING** |
20 | Plaintiff, | **DEFENDANTS' MOTION FOR** |
   | | **PEREMPTORY DISQUALIFICATION** |
21 | v. | |
   | | [Code of Civil Procedure § 170.6] |
22 | AMAZON.COM, INC., a Delaware corporation; | |
23 | AMAZON.COM SERVICES LLC, a Delaware | ASSIGNED FOR ALL PURPOSES TO |
   | limited liability corporation; AMAZON WEB | JUDGE BRAD SELIGMAN, DEPT. 23 |
24 | SERVICES, INC., a Delaware corporation, and | |
   | DOES 1 through 100, inclusive, | Trial Date:  N/A |
25 | | Complaint Filed: July 14, 2022 |
   | Defendants. | |

26

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

ORDER GRANTING DEFENDANTS' MOTION FOR PEREMPTORY DISQUALIFICATION

1    Defendants Amazon.com, Inc., Amazon.com Services LLC, and Amazon Web Services, Inc.,

2    by and through their counsel of record, filed a Motion for Peremptory Disqualification and supporting

3    declaration under California Code of Civil Procedure section 170.6 against the Honorable Brad

4    Seligman. Pursuant to Code of Civil Procedure section 170.6, the Honorable Brad Seligman is

5    removed from this case and the case is sent back to the Presiding Judge for reassignment.

7    **IT IS SO ORDERED.**

9    DATED:  _____, 2022

                                        _____
11                                      JUDGE OF THE ALAMEDA COUNTY
                                        SUPERIOR COURT

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

2.

ORDER GRANTING DEFENDANTS' MOTION FOR PEREMPTORY DISQUALIFICATION

1 | Steven A. Groode, Bar No. 210500
sgroode@littler.com
2 | LITTLER MENDELSON, P.C.
Treat Towers
3 | 1255 Treat Boulevard
Suite 600
4 | Walnut Creek, California  94597
Telephone:    925.932.2468
5 | Fax No.:      925.946.9809

6 | Anthony G. Ly, Bar No. 228883
aly@littler.com
7 | Erin Collins, Bar No. 291726
ecollins@littler.com
8 | LITTLER MENDELSON, P.C.
2049 Century Park East
9 | 5th Floor
Los Angeles, California  90067.3107
10 | Telephone:    310.553.0308
Fax No.:      310.553.5583

11 |

12 | Attorneys for Defendants
AMAZON.COM INC.; AMAZON.COM SERVICES,
LLC; AND AMAZON WEB SERVICES, INC.

13 |

14 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

15 | COUNTY OF ALAMEDA

16 |

17 | TERESA CARLISLE, as an individual and on behalf of others similarly situated, | Case No.  22CV014326

18 | | PROOF OF SERVICE
       Plaintiff,

19 | | ASSIGNED FOR ALL PURPOSES TO JUDGE BRAD S. SELIGMAN, DEPT.23
       v.

20 |

21 | AMAZON.COM INC., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware limited liability corporation; AMAZON WEB SERVICES, INC., a Delaware corporation, and DOES l through 100, inclusive, | Trial Date: N/A

22 | | Complaint Filed:   July 14, 2022

23 |

24 |        Defendants.

25 |

26 |

27 |

28 |

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

**<ins>PROOF OF SERVICE</ins>**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles, CA 90067.

On November 2, 2022, I served the within document(s):

**DEFENDANTS AMAZON.COM, INC., AMAZON.COM SERVICES LLC, AND AMAZON WEB SERVICES, INC.'S MOTION FOR PEREMPTORY DISQUALIFICATION**

**DECLARATION OF STEVEN A. GROODE IN SUPPORT OF DEFENDANTS' MOTION FOR PEREMPTORY DISQUALIFICATION**

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR PEREMPTORY DISQUALIFICATION**

☐      **By personal service.** I personally delivered the documents to the persons at the addresses listed below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

☒      **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses below and *(specify one):*

         ☐    deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

         ☒    placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at*:* **Los Angeles, California**.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

2.

☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a professional messenger service for service. *(A confirmation document by the professional messenger service will be retained in our office.)*

☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☒ **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.

☐ **BY ELECTRONIC MAIL–**ONE LEGAL, L.L.C. by submitting an electronic version of the document(s) to One Legal, LLC, through the user interface at www.onelegal.com. Based on California Rules of Court Rule 2.251(Rev 1/2012). The electronic notification address of the person(s) making the service is mlozano@littler.com

Peter M. Hart
Ashlie E. Fox
LAW OFFICES OF PETER M. HART
12121 Wilshire Blvd., Suite 525
Los Angeles, CA 90025
Telephone: (310) 478-5789
Facsimile: (509) 561-6441
hartpeter@msn.com
ashlie.fox.loph@gmail.com

Stanley D. Saltzman
MARLIN & SALTZMAN, LLP
29800 Agoura Road, Suite 210
Agoura Hills, California 91301
Telephone: (818) 991-8080
Facsimile: (818) 991-8081
ssaltzman@marlinsaltzman.com

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on November 2, 2022 at Los Angeles, California.

_____
Maria Lozano

4855-2964-8440.1 / 096748-1004

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

3.

PROOF OF SERVICE