**MARLIN & SALTZMAN, LLP**
Cody R. Kennedy, Esq. (State Bar No. 296061)
ckennedy@marlinsaltzman.com
29800 Agoura Road, Suite 210
Agoura Hills, California  91301
Telephone: (818) 991-8080
Facsimile: (818) 991-8081

**LAW OFFICES OF PETER M. HART**
Peter M. Hart (State Bar No. 198691)
hartpeter@msn.com
Ashlie E. Fox (State Bar No. 294407)
ashlie.fox.loph@gmail.com
12121 Wilshire Blvd., Suite 525
Los Angeles, California  90025
Telephone: (310) 439-9298
Facsimile: (509) 561-6441

Attorneys for Plaintiff Teresa Carlisle

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA CARLISLE, as an individual and on behalf of others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>AMAZON.COM INC., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware limited liability corporation; AMAZON WEB SERVICES, INC., a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>        Defendants. | **CASE NO.  3:22-CV-06856-TLT**<br><br>[Assigned to Hon. Trina L. Thompson]<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES FOR:**<br><br>**(1) VIOLATION OF LABOR CODE § 227.3 (VACATION);**<br>**(2) VIOLATION OF LABOR CODE § 204 (FAILURE TO PAY WAGES);**<br>**(3) BREACH OF WRITTEN CONTRACT; AND**<br>**(4) UNFAIR BUSINESS PRACTICES (Violation of California Business & Professions Code § 17200 *et seq.*)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Teresa Carlisle ("Plaintiff" or "Ms. Carlisle") hereby submits this Complaint against Amazon.com Inc., Amazon.com Services LLC, Amazon Web Services, Inc., and DOES 1-100 (hereinafter collectively referred to as "Defendants" or "Amazon") on behalf of herself and the class of Defendants' similarly situated current and former employees who worked at Amazon warehouses, distribution centers, and fulfillment centers in California, as follows:

## INTRODUCTION

1.      This complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code, Business and Professions Code, applicable IWC wage orders, and breach of contract against employees of Defendants.

2.      Plaintiff is informed and believes and based thereon alleges that Defendants, jointly and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees by failing to pay all vested vacation wages earned (including but not limited to personal days, flexible days, paid time off, PTO, and other paid time off) and causing them to be forfeited and failing to pay contractual sign-on bonus wages.

3.      Plaintiff is informed and believes and based thereon alleges that Defendants have engaged in, among other things, a system of willful violations of the California Labor Code, Business and Professions Code, applicable IWC wage orders, and California contract law by creating and maintaining policies, practices and customs that knowingly deny employees their wages, such as vested vacation wages earned and sign-on bonus wages.

4.      The policies, practices and customs of Defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code, Business and Professions Code, applicable IWC wage orders, and California contract law.

///
///
///
///

**JURISDICTION AND VENUE**

5.     Defendants removed this action from the Alameda County Superior Court pursuant to 28 U.S.C. § 1332, 1441, 1446, and the Class Action Fairness Act of 2005 ("CAFA"). The Court has CAFA diversity jurisdiction over this action.

6.     Venue is proper because Defendants, and each of them, conducts business in and has employees in the State of California and County of Alameda, and many of the incidents giving rise to Plaintiff's claims took place in said county, which is a part of the Northern District of California under 28 U.S.C. § 84(a).

**PARTIES**

7.     Plaintiff Teresa Carlisle is an adult who resides in the State of California.

8.     Plaintiff is informed and believes and based thereon alleges that Defendant Amazon.com Inc. was and is a Delaware corporation with its headquarters located at Seattle, Washington that is registered with the California Secretary of State and does business in the State of California, including in the County of Alameda, and employed Plaintiff and other similarly situated employees throughout the State of California as further defined herein.

9.     Plaintiff is informed and believes and based thereon alleges that Defendant Amazon.com Services LLC was and is a Delaware corporation with its headquarters located at Seattle, Washington that is registered with the California Secretary of State and does business in the State of California, including in the County of Alameda, and employed Plaintiff and other similarly situated employees throughout the State of California as further defined herein.

10.     Plaintiff is informed and believes and based thereon alleges that Defendant Amazon Web Services, Inc. was and is a Delaware corporation with its headquarters located at Seattle, Washington that is registered with the California Secretary of State and does business in the State of California, including in the County of Alameda, and employed Plaintiff and other similarly situated employees throughout the State of California as further defined herein.

11.     Defendants have operation locations and employees throughout the State of California including in and/or around Alameda County and employs several thousand employees such as Plaintiff

FIRST AMENDED CLASS ACTION COMPLAINT

at any given time in the State of California.

12.     Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendants and DOES 1 through 100, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

13.     Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 100, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays leave to amend this complaint when the true names and capacities are known.  Plaintiff is informed and believes and based thereon alleges that each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

14.     At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and were acting within the course and scope of said agency and employment.

15.     Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, each of the named Defendants was the joint employer, agent, employer, alter ego and/or joint venturer of, or working in concert with each of the other Co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity.  To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

16.     At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

17.     At all times herein mentioned, the acts and omissions of various Defendants, and each

of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.  At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## FACTUAL BACKGROUND

18.     Plaintiff Teresa Carlisle was employed by Defendants as an hourly, non-exempt employee at an Amazon fulfillment center in San Bernardino, California from approximately December 20, 2020, to April 2021.

19.     Plaintiff alleges that Defendants did not properly accrue to herself and similarly situated employees all earned and vested vacation wages (including but not limited to personal days, flexible days, paid time off, PTO, and other paid time off) and fails to cash out at the end of employment all such earned and unused vacation time.  Defendants' uniform corporate policy results in a cliff-vesting forfeiture in violation of Labor Code § 227.3 in that by agreement employees can earn toward a set of promised vacation days (including but not limited to personal days, flexible days, paid time off, PTO, and other paid time off), and by their work have earned these days, however, such earned vacation time awarded these employees and is not cashed out but is forfeited.

20.     Plaintiff further alleges that Defendants failed to pay her and similarly situated employees a promised non-discretionary sign-on bonus or hiring bonus of $1,000 (hereafter such sign-on or hiring bonus shall be referred to as "sign-on bonus").  Defendants' written job advertisement stated that she and all applicants who were hired to work for Defendants would receive a $1,000 sign-on bonus.  Plaintiff and similarly situated employees forewent other potential job opportunities, submitted the application materials to and completed the online test for Defendants, and were hired to work for Defendants.  Plaintiff and similarly situated employees did work for Defendants, but Defendants did not pay them the promised $1,000 sign-on bonus wages.  As such, Defendants failed to pay Plaintiff and similarly situated employees the wages owed as required by the California Labor

Code. Moreover, Defendants breached their contract with Plaintiff and similarly situated employees, causing them damages.

21.     Plaintiff and similarly situated employees were and are victims of the policies, practices and customs of Defendants complained of in this action in ways that have deprived them of the rights guaranteed them by California Labor Code §§ 204, 227.3, California Business and Professions Code §17200, *et seq*., the applicable wage order(s) issued by the IWC, and California contract law.

<u>**CLASS ACTION ALLEGATIONS**</u>

22.     Class Definition: The named individual Plaintiff brings this action on behalf of herself and a Class of all current and former employees of Defendants who worked at Amazon warehouses, distribution centers, and fulfillment centers in California during the period from July 14, 2018, to the present, including the following Subclasses:

(a)     all former employees of Defendants who worked at Amazon warehouses, distribution centers, and fulfillment centers in California to whom Defendants applied policies regarding vacation time and personal choice holidays (including vacation equivalent days such as flexible days, PTO days, and personal days) during the period from July 14, 2018, to the present;

(b)     all former employees of Defendants who worked at Amazon warehouses, distribution centers, and fulfillment centers in California who from Defendants' records were not paid out all earned and accrued vacation time (including vacation equivalent days such as flexible days, PTO days, and personal days) and whose employment was ended at any time during the period from July 14, 2018, to the present;

(c)     all current and former employees of Defendants who were hired to work and worked at Amazon warehouses, distribution centers, and fulfillment centers in California during a period of Amazon advertising a sign-on bonus and who were not paid a promised sign-on bonus, at any time during the period between July 14, 2018, and the present; and

(d)     all current and former employees of Defendants who were hired to work and worked at Amazon warehouses, distribution centers, and fulfillment centers in California and who were not paid a promised sign-on bonus, at any time during the period between July 14, 2018, and the present.

23.     Numerosity: The members of the Class and each Subclass exceeds 100 persons and are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the class is readily ascertainable by review of Defendants' records, including payroll records. Plaintiff is informed and believes and based thereon alleges that: (a) class members had vacation wages and personal choice holidays (including vacation equivalent days such as flexible days, PTO days, and personal days) forfeited; and (b) class members were not paid their sign-on bonus wages.

24.     Adequacy of Representation: The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and individual Plaintiff. Plaintiff's attorneys have certified, prosecuted, and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California courts.

25.     Common Questions of Law and Fact: There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning Defendants: (a) whether Defendants' vacation policies comply with California law; (b) whether Defendants failed to pay all vested vacation wages at the end of employment; (c) whether Defendants failed to pay all sign-on bonus wages; and (d) whether Defendants engaged in unfair business practices.

26.     Typicality: The claims of Plaintiff are typical of the claims of all members of the class. Plaintiff is a member of the class and has suffered the alleged violations of California Labor Code §§ 204, 227.3, the California Business and Professions Code § 17200, *et seq*., the applicable wage order(s) issued by the IWC, and breach of California contract law.

27.     The California Labor Code and Wage Order provisions upon which Plaintiff bases her claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of

FIRST AMENDED CLASS ACTION COMPLAINT

1 employment.

2      28.    The nature of this action and the format of laws available to Plaintiff and members of

3 the class identified herein make the class action format a particularly efficient and appropriate

4 procedure to redress the wrongs alleged herein.  If each employee were required to file an individual

5 lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since they

6 would be able to exploit and overwhelm the limited resources of each individual plaintiff with their

7 vastly superior financial and legal resources.  Requiring each class member to pursue an individual

8 remedy would also discourage the assertion of lawful claims by employees who would be disinclined

9 to file an action against their former and/or current employer for real and justifiable fear of retaliation

10 and permanent damage to their careers and subsequent employment.

11      29.    The prosecution of separate actions by the individual class members, even if possible,

12 would create a substantial risk of: (a) inconsistent or varying adjudications with respect to individual

13 class members against the Defendants and which would establish potentially incompatible standards of

14 conduct for the Defendants; and/or (b) adjudications with respect to individual class members which

15 would, as a practical matter, be dispositive of the interest of the other class members not parties to the

16 adjudications or which would substantially impair or impede the ability of the class members to

17 protect their interests.  Further, the claims of the individual members of the class are not sufficiently

18 large to warrant vigorous individual prosecution considering all of the concomitant costs and

19 expenses.

20      30.    Proof of a common business practice or factual pattern, which the named Plaintiff

21 experienced and is representative of, will establish the right of each of the members of the Class to

22 recovery on the causes of action alleged herein.

23      31.    The Class is commonly entitled to a specific fund with respect to the compensation

24 illegally and unfairly retained by Defendants.  The Class is commonly entitled to restitution of those

25 funds being improperly withheld by Defendants. This action is brought for the benefit of the entire

26 class and will result in the creation of a common fund.

27 / / /

**FIRST CAUSE OF ACTION**

**For Forfeiture of Vested Earned Vacation in Violation of Labor Code § 227.3**

**(Against All Defendants by Plaintiff and the Class)**

32.     Plaintiff hereby incorporates by reference all preceding paragraphs as alleged above as if fully set forth herein.

33.     This cause of action is brought pursuant to Labor Code § 227.3 which prohibits employers from forfeiting the vested vacation wages and personal choice holidays of their employees (including but not limited to personal days, flexible days, paid time off, PTO, and other paid time off).

34.     As a matter of uniform corporate policy, procedure and practice Defendants violated Labor Code § 227.3 by failing to properly accrue to Plaintiff and similarly situated employees all earned and vested vacation wages (including but not limited to personal days, flexible days, paid time off, PTO, and other paid time off) and failing to cash out at the end of employment all such earned and unused vacation time.

35.     Defendants' uniform corporate policy results in a cliff-vesting forfeiture in violation of Labor Code § 227.3 in that by agreement employees can earn toward a set of promised vacation days (including but not limited to personal days, flexible days, paid time off, PTO, and other paid time off), and by their work have earned these days, however, such earned vacation time awarded these employees and is not cashed out but is forfeited.

36.     As such, Plaintiff and similarly situated employees had such vacation wages forfeited, specifically in that Plaintiff was not paid for all vacation wages and personal choice holidays (including, but not limited to personal days, flexible days, paid time off, 'PTO', and other paid time off)  that she had legally earned, vested, and had not used at the time she and their employment ended and, further, legally earned vacation wages and personal choice holidays (including, but not limited to personal days, flexible days, paid time off, 'PTO', and other paid time off).

37.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the class in a civil action for damages and wages owed and for costs and attorneys'

fees.

**SECOND CAUSE OF ACTION**

**For Unpaid Wages in Violation of Labor Code § 204**

**(Against All Defendants by Plaintiff and the Class)**

38.     Plaintiff hereby incorporates by reference all preceding paragraphs as alleged above as if fully set forth herein.

39.     Labor Code section 204 provides that "[a]ll wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

40.     Pursuant to Labor Code section 210, an employer who fails to pay wages pursuant to Labor Code section 204 is subject to civil penalties as follows: "(1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee" and "(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

41.     Plaintiff is informed and believes and thereon alleges that Plaintiff and similarly situated employees were not paid all wages pursuant to Labor Code section 204 because Defendants failed to timely pay the promised non-discretionary sign-on bonus wages and indeed, never paid these wages.

42.     Defendants' failure to pay non-discretionary sign-on bonus wages was knowing, intentional, and willful.  Defendants induced Plaintiff and similarly situated employees to apply and work for Defendants by promising a non-discretionary sign-on bonus and had the ability to pay the bonus wages, but willfully failed to do so.

43.     Pursuant to Labor Code section 210, Plaintiff and similarly situated employees are each entitled to civil penalties in the amount of two hundred dollars ($200) plus 25 percent of the amount unlawfully withheld for Defendants' willful and intentional violations of Labor Code section 204.

/ / /

44.     As a direct and proximate result of Defendants' conduct in violation of Labor Code 204, Plaintiff and class members suffered damages, including losses related to the use and enjoyment of wages and lost interest on such wages, in an amount according to proof at trial.

**THIRD CAUSE OF ACTION**

**Breach of Written Contract**

**(Against All Defendants by Plaintiff and the Class)**

45.     Plaintiff hereby incorporates by reference all preceding paragraphs as alleged above as if set forth fully herein.

46.     The elements of an action for breach of written contract are: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach.  *Richman v. Hartley*, 224 Cal.App.4th, 1182, 1186 (2014).

47.     As a pattern and practice, Defendants regularly failed to pay Plaintiff and class members their promised sign-on bonus wages.  Defendants promised in writing, including via online advertisements, that if an applicant was hired to work for Defendants, the applicant would receive a $1,000 bonus.

48.     Plaintiff and similarly situated employees forewent other potential job opportunities, submitted the application materials to and completed the online test for Defendants, and were hired to work for Defendants.  Plaintiff and similarly situated employees then did indeed perform work for Defendants.

49.     However, Defendants breached the contract and did not pay Plaintiff and class members the promised $1,000 sign-on bonus wages.

50.     As a direct and proximate result of Defendants' breach, Plaintiff and class members suffered damages in an amount according to proof at trial.  Plaintiff and class members lost the opportunity to obtain alternate employment and suffered losses related to the use and enjoyment of wages and lost interest on such wages.

**FOURTH CAUSE OF ACTION**

**For Violations of Business and Professions Code § 17200,** *et seq.*

**(Against All Defendants by Plaintiff and the Class)**

51.     Plaintiff hereby incorporates by reference all preceding paragraphs as alleged above as if fully set forth herein.

52.     Defendants, and each of them, have engaged and continue to engage in unfair competition in California as defined by Business and Professions Code section 17200, *et. seq.* by practicing, employing and utilizing the unlawful, unfair, and fraudulent employment practices outlined above, inclusive, to wit, by their: (1) failure to pay all vested vacation wages earned (including but not limited to personal days, flexible days, paid time off, PTO, and other paid time off); (2) failure to pay all sign-on bonus wages; and (3) breach of contract.

53.     Defendants' utilization of such unlawful, unfair, and fraudulent business practices constitutes unfair competition and provides an unfair advantage over Defendants' competitors.

54.     Defendants' unlawful, unfair, and fraudulent business practices as detailed herein include but are not limited to application of a uniform corporate policy that results in a cliff-vesting forfeiture in violation of Labor Code section 227.3.

55.     Defendants' unlawful, unfair, and fraudulent business practices as detailed herein further include but are not limited to advertising that applicants hired to work for Defendants would receive a $1,000 sign-on bonus, thus inducing Plaintiff and similarly situated employees to apply and work for Defendants, and to forgo other job opportunities, and then failing to pay the sign-on bonuses.

56.     Plaintiff seeks, on her own behalf, on behalf of other members of the class similarly situated, and on behalf of the general public, full restitution of vacation and sign-on bonus monies, as necessary and according to proof, to restore any and all such monies withheld, acquired and/or converted by the Defendants by means of the unlawful, unfair, and fraudulent business practices complained of herein.

57.     The restitution includes the equivalent of: all vested vacation wages earned (including but not limited to personal days, flexible days, paid time off, PTO, and other paid time off) but not

FIRST AMENDED CLASS ACTION COMPLAINT

1   paid; and all unpaid sign-on bonus wages.

2      58.   The acts complained of herein occurred within the last four years preceding the first

3   filing of the complaint in this action.

4      59.   Plaintiff is informed and believes and on that basis alleges that at all times herein

5   mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as

6   proscribed by California Business and Professions Code § 17200, *et seq*., including those set forth

7   herein above thereby depriving Plaintiff and other members of the general public the minimum

8   working condition standards and conditions due to them under the California laws and Industrial

9   Welfare Commission wage orders as specifically described therein.

10                              **PRAYER FOR RELIEF**

11      WHEREFORE, Plaintiff on her own behalf and on the behalf of the members of the class and

12   the general public prays for judgment as follows:

13      1.   For an order certifying the proposed classes and subclasses;

14      2.   For an order appointing Plaintiff as the representative of the classes and subclasses;

15      3.   For an order appointing Counsel for Plaintiff as class counsel;

16      4.   Upon the First Cause of Action, for all vested vacation wages and personal choice

17          holidays (including but not limited to personal days, flexible days, paid time off, PTO,

18          and other paid time off) pursuant to Labor Code § 227.3 and for costs and attorneys'

19          fees;

20      5.   Upon the Second Cause of Action, for unpaid sign-on bonus wages owed and for civil

21          penalties pursuant to Labor Code section 210;

22      6.   Upon the Third Cause of Action, for damages according to proof for breach of contract;

23      7.   Upon the Fourth Cause of Action, for restitution to Plaintiff and other similarly affected

24          members of the general public of all vacation and sign-on bonus wages unlawfully

25          acquired by Defendants by means of any acts or practices declared by this Court to be

26          violative of the mandate established by California Business and Professions Code

27          section 17200, et seq.;

FIRST AMENDED CLASS ACTION COMPLAINT

8.    For reasonable attorneys' fees, expenses and costs as provided by California Labor Code § 218.5, 227.3, and Code of Civil Procedure § 1021.5;

9.    For all pre- and post-judgment interest; and

10.   For such other and further relief the court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, for herself and the Class, hereby demands a jury trial as provided by California law.

DATED:  June 26, 2023                    **MARLIN & SALTZMAN, LLP &**
**LAW OFFICES OF PETER M. HART**


By:  s/ Cody R. Kennedy
          Cody R. Kennedy
          Peter M. Hart
          Ashlie E. Fox
          Attorneys for Plaintiff Teresa Carlisle

FIRST AMENDED CLASS ACTION COMPLAINT