**MARLIN & SALTZMAN, LLP**
Cody R. Kennedy, Esq. (Bar No. 296061)
ckennedy@marlinsaltzman.com
Tatiana Avakian, Esq. (SBN 298970)
tavakian@marlinsaltzman.com
29800 Agoura Road, Suite 210
Agoura Hills, California 91301
Telephone: (818) 991-8080
Facsimile: (818) 991-8081

**LAW OFFICES OF PETER M. HART**
Peter M. Hart, Esq. (Bar No. 198691)
hartpeter@msn.com
Ashlie E. Fox, Esq. (Bar No. 294407)
ashlie.fox.loph@gmail.com
12121 Wilshire Blvd., Suite 525
Los Angeles, CA 90025
Telephone: (310) 439-9298
Facsimile: (509) 561-6441

Attorneys for Plaintiff TERESA CARLISLE

[Additional Counsel listed on following page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA CARLISLE, as an individual and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM INC., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware limited liability corporation; AMAZON WEB SERVICES, INC., a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | **CASE NO. 3:22-CV-06856-RFL**<br><br>[Assigned to Hon. Rita F. Lin]<br><br>**JOINT CASE MANANGEMENT STATEMENT re (DKT. NO. 51)**<br><br>Complaint filed: July 14, 2022 |

**DIVERSITY LAW GROUP, P.C.**
Larry W. Lee (State Bar No. 228175)
Kristen M. Agnew (State Bar No. 247656)
Nicholas Rosenthal (State Bar No. 268297)
Max W. Gavron (State Bar No. 291697)
Kwanporn "Mai" Tulyathan (State Bar No. 316704)
515 S. Figueroa Street, Suite 1250
Los Angeles, CA 90071
(213) 488-6555
(213) 488-6554 facsimile
lwlee@diversitylaw.com
kagnew@diversitylaw.com
nrosenthal@diversitylaw.com
mgavron@diversitylaw.com
ktulyathan@diversitylaw.com

Attorneys for Plaintiff Teresa Carlisle

**MORGAN, LEWIS & BOCKIUS LLP**
Brian D. Berry (State Bar No. 229893)
Katya N. Abelsky (State Bar No. 346570)
One Market
Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile: (415) 442-1001
brian.berry@morganlewis.com
katya.abelsky@morganlewis.com

Max Fischer (State Bar No. 226003)
Tuyet T. Nguyen Lu (State Bar No. 256431)
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
Telephone: (213) 612-2500
Facsimile: (213) 612-2501
max.fischer@morganlewis.com
tuyet.nguyen@morganlewis.com

Attorneys for Defendants
AMAZON.COM, INC.; AMAZON.COM SERVICES, LLC; AND AMAZON WEB SERVICES, INC.

Plaintiff Teresa Carlisle ("Plaintiff" or "Ms. Carlisle") and Defendants Amazon.com, Inc., Amazon.com Services LLC, and Amazon Web Services, Inc. ("Defendants" or "Amazon") (collectively, the "Parties") submit this Joint Case Management Statement in response to the Court's Order Reassigning Case (Dkt. No. 51).

a. **DATE FILED**

Plaintiff filed her action in Alameda County Superior Court on July 14, 2022.

Defendants removed this action from the Alameda County Superior Court pursuant to 28 U.S.C. § 1332, 1441, 1446, and the Class Action Fairness Act of 2005 ("CAFA").

b. **PARTIES**

Plaintiff Teresa Carlisle.

Defendants are Amazon.com, Inc., Amazon.com Services LLC, and Amazon Web Services, Inc.

c. **CLAIMS**

Plaintiff currently alleges three causes of action: (1) Violation of California Labor Code § 227.3; (2) Breach of Written Contract; and (3) Unfair Business Practices (Violation of California Business & Professions Code § 17200 et seq.) (the "UCL"). Plaintiff pleads each of these causes of action as a putative class action.

There are currently no counter-claims, cross-claims, or third-party claims.

d. **FACTS**

   A. Plaintiff's Position

Plaintiff Teresa Carlisle was employed by Defendants as an hourly, non-exempt employee at an Amazon fulfillment center in San Bernardino, California from approximately December 20, 2020, to April 2021. Compl., ¶ 20. Plaintiff alleges that Defendants did not properly accrue to herself and similarly situated employees all earned and vested "Paid Personal Time ('PPT')" and failed to cash out at the end of employment all such earned and unused PPT. *See Id.* at ¶ 21. Defendants' uniform corporate policy results in a cliff-vesting forfeiture in violation of Labor Code § 227.3 in that by agreement employees can earn toward a

set of promised PPT, and by their work have earned these days, however, such earned vacation time awarded these employees and is not cashed out but is forfeited. *Id*.

Plaintiff further alleges that Defendants failed to pay her and similarly situated employees a promised sign-on bonus or hiring bonus (hereafter such sign-on or hiring bonus shall be referred to as "sign-on bonus"). Compl., ¶ 22. Defendants' written job advertisements stated that she and other applicants who were hired to work for Defendants would receive a sign-on bonus, which Plaintiff understands varied in amount ranging from $1,000 up to $3,000. *Id*. Plaintiff and similarly situated employees forewent other potential job opportunities, submitted the application materials to and completed the online test for Defendants, and were hired to work for Defendants. *Id*. Plaintiff and similarly situated employees did work for Defendants, but Defendants did not pay them the promised sign-on bonus wages. *Id*. As such, Defendants breached their contract with Plaintiff and similarly situated employees, causing them damages. *Id*.

Plaintiff premises her claim under the UCL on these same facts and alleges that Defendants' practices with respect to the sign-on bonus were deceptive, unfair, and/or fraudulent.

B. <u>Defendants' Position</u>

Plaintiff was employed for approximately three (3) months by Amazon.com Services LLC (the "Company") from December 24, 2020 to April 5, 2021. She started as a Seasonal Fulfillment Associate and then was hired as a Fulfillment Associate on February 21, 2021.

Plaintiff had no employment relationship with Defendants Amazon.com, Inc. and Amazon Web Services, Inc. Amazon Web Services, Inc. is a wholly owned subsidiary of AWSHC, Inc. AWSHC, Inc. is a wholly owned subsidiary of Amazon.com, Inc. Amazon Web Services, Inc. and Amazon.com, Inc. are not proper parties to this case.

The Company provides Paid Personal Time (PPT) and Vacation Time to certain eligible employees working in California. Both types of paid time off accrue to certain employees in compliance with California law and all accrued, unused paid time off is paid out at termination.

In compliance with the law, Amazon caps the number of hours of paid time off an eligible associate may accrue. However, Plaintiff never reached the cap and, therefore, she accrued paid time off throughout her period of eligibility. She was paid for all accrued, unused paid time off at termination.

The Company at times offers sign-on bonuses for certain shifts, positions, and locations throughout the year, based on an individualized assessment of which shifts require additional incentives for applicants. Those bonuses are typically paid out over a 90- or 180-day period of employment, where the associate maintains the same shift throughout. The terms of the sign-on bonuses vary greatly, and are communicated to the associate during the hiring process. Plaintiff did not work in any position that included a sign-on bonus. She did apply for two such positions after her period of employment, but was not hired into either one. Therefore, she never entered a contract for a sign-on bonus.

Moreover, this case is not suitable for class treatment for a number of reasons, including that Plaintiff lacks standing and is therefore inadequate to represent a class, that her claims and Amazon's defenses defeat typicality, and that individualized issues will overwhelm any common issues and thus render any class unmanageable. For instance, adjudicating the sign-on bonus claims of individual class members would require countless mini-trials to adjudicate the merits of the contract and UCL claims, given variations in the language of job advertisements, whether a job applicant reviewed any advertisement (and, if so, which one), whether a job applicant detrimentally relied on the job advertisement, and the terms of the written and/or verbal employment offers made to the putative class members, among other factors.

e. **LEGAL ISSUES**

   A. Plaintiff's Position

      1. Whether Defendants' vacation policies comply with California Labor Code § 227.3?
      2. Whether Defendants are required to pay all vested vacation wages at the end of employment?

3. Whether Defendants are required to pay all sign-on bonus wages as promised?

4. Whether Defendants' practices of advertising sign-on bonuses violated California's UCL, including, but not limited to, whether it was deceptive, unfair, and/or fraudulent under California law?

5. Whether Defendants Amazon.com Inc. and Amazon Web Services, Inc. employed Plaintiff and the putative class?

B. Defendants' Position

The elements of class certification under Rule 23 of the Federal Rules of Civil Procedure (commonality, typicality, adequacy, and superiority) are at issue.

The additional legal issues are:

1. Whether Defendants Amazon.com Inc. and Amazon Web Services, Inc. were employers of Plaintiff and the putative class;

2. Whether Plaintiff has standing to assert her claims;

3. Whether Plaintiff and/or the putative class have earned vacation or PPT that vested and was unpaid upon termination; and

4. Whether Plaintiff and/or the putative class earned sign-on bonuses that the Company (or Defendants) failed to pay.

f. **RELIEF**

A. Plaintiff's Position

Plaintiff is seeking for herself and the putative class unpaid and illegally forfeited vacation wages pursuant to Labor Code § 227.3, unpaid sign-on bonuses pursuant to agreement, and restitution of funds unlawfully maintained by Defendants pursuant to Business and Professions Code §§ 17200, *et seq*.

Plaintiff does not currently have in her possession the relevant time and pay records for putative class members. Accordingly, without the full records she is unable to calculate the exact damages owed at present. Calculation of the exact damages may also require retention of an expert. However, generally, Plaintiff estimates that each member of the putative class would be owed their pro rata share of PPT that did not properly accrue in violation of California law and for PPT that was improperly forfeited by Defendants in

violation of Labor Code § 227.3.

Plaintiff also seeks damages on behalf of herself and the putative class for Defendants' failure to pay the promised sign-on bonus. Plaintiff estimates she is owed $1,000 in an unpaid sign-on bonus, plus interest under California law.

Plaintiff also seeks to recover attorneys' fees and interest, as provided by California law.

These initial estimates are preliminary in nature and will be subject to further discovery. Plaintiff believes that once provided the further documents, data, and information from Defendants, Plaintiff will more precisely estimate Plaintiff's damages and will calculate the damages owed to the class(es). Plaintiff will supplement the damages amount and calculations when she receives such data from Defendants. Plaintiff believes these damages can be ascertained and calculated from Defendants' own records and policies applicable to Plaintiff and the putative class, including but not limited to time and payroll databases, hiring data, and other business records, which may be supplemented by representative testimony, and expert testimony as needed.

### B. Defendants' Position

Defendants contend that Plaintiff and putative class members have not suffered any injury and are entitled to no relief. In the event that the Court were both to certify a class and find one or more Defendants liable based on the legal theories/claims advanced by Plaintiff in this action, the calculation of damages would be based on an evidentiary showing of amount of paid time off accrued but not paid and amount of sign-on bonus contractually agreed upon, earned, and not paid, after considering Defendants' affirmative defenses. Defendants contend that such relief could not be established on a common basis due to the varying circumstances of putative class members.

### g.   **DISCOVERY**

Fact Discovery Cut-Off: November 4, 2024

Expert Discovery Cut-Off: December 16, 2024

### A.   Plaintiff's Position

Plaintiff has served written discovery on Defendants and has been actively meeting and conferring to obtain further responses to several outstanding items. On April 21, 2023 Plaintiff served her initial notice of deposition of Defendant and on October 20, 2023, Plaintiff also served an amended notice of deposition, pursuant to Federal Rule of Civil Procedure 30(b)(6). Plaintiff proposed December 5, 2023 as the date for deposition. Defendants still have not provided a date certain for the deposition. Plaintiff has been meeting and conferring and is hopeful these issues can be resolved but will bring them to the Magistrate Judge if the Parties have not resolved their disputes informally within the next two weeks. Plaintiff disputes there has been any agreement with respect to Defendants having "priority" in taking Plaintiff's deposition before the deposition of Defendants' 30(b)(6) witnesses. Regardless, Plaintiff has previously provided tentative dates on several occasions for Plaintiff's deposition and offered to sit for deposition before Defendants' witness provided it would take place shortly thereafter and offered to have both Plaintiff's and Defendants' depositions to take place in the same week.

There is no requirement that Plaintiff disclose expert testimony in advance of moving for class certification and no agreement has been made regarding that proposal.

B.   Defendants' Position

The Parties are conducting discovery and conferring about open discovery items. The Parties agreed that Amazon has priority in taking Plaintiff's deposition before Plaintiff takes a Rule 30(b)(6) deposition. Plaintiff has not yet provided her availability for deposition. On October 20, 2023, Plaintiff served a draft Rule 30(b)(6) deposition notice with topics for discussion purposes. The Parties are meeting and conferring on the proposed topics.

If Plaintiff intends to rely on expert testimony in support of a motion for class certification, Plaintiff should disclose such expert(s) at least 30 days before Plaintiff files a motion for class certification.
Defendant believes that it will streamline the case and limit excessive discovery burdens to adjudicate the merits of Plaintiff's individual claims before engaging in the bulk of the class discovery that Plaintiff is seeking.

**h.   RELATED CASES**

The Partes are not aware of any related cases.

**i.   PROCEDURAL HISTORY**

Defendants moved to strike a proposed First Amended Complaint ("FAC") (Dkt. No. 30); however, the Parties later agreed that Plaintiff would withdraw the FAC and thus Defendants withdrew their motion.

The Parties have agreed to participate in private mediation on April 24, 2024.

The case was referred to Magistrate Judge Sallie Kim for discovery matters.

**j.   DEADLINES**

Judge Thompson previously expressed that she anticipated revisiting some of these dates and deadlines at the February 8, 2024 status conference, which the Parties understand was vacated and is no longer on calendar by operation of Dkt. No. 51.  Below are the current dates and deadlines.

- April 29, 2024 = Deadline to file motion for class certification (per Order at Dkt. No. 55)
- May 28, 2024 = Deadline to file opposition to motion for class certification (per Order at Dkt. No. 55)
- June 10, 2024 = Deadline to file reply ISO motion for class certification (per Order at Dkt. No. 55)
- June 25, 2024 = Motion for Class Certification hearing (per Order at Dkt. No. 55)
- May 3, 2024 = Mediation completion date
- November 4, 2024 = Expert disclosures and reports due
- November 4, 2024 = Fact discovery cutoff
- November 22, 2024 = Rebuttal expert reports due
- December 16, 2024 = Expert discovery cutoff
- January 14, 2025 = deadline to file dispositive motions
- February 18, 2025 = deadline to hear dispositive motions

- March 6, 2025 = deadline to file joint pretrial statement
- March 20, 2025, 3:30 p.m. = Final pretrial conference
- April 21, 2025, 8:30 a.m. = Jury trial

k. **MODIFICATION OF DEADLINES**

On December 6, 2023, the Court modified the class certification hearing and associated filing deadlines pursuant to the Parties' stipulation. Dkt. No. 55. The Parties do not currently anticipate the need for further modification of deadlines.

l. **CONSENT TO MAGISTRATE**

Defendants previously declined to consent to a Magistrate Judge for trial.

m. **EMERGENCY**

No emergency exists.

Respectfully submitted,

DATED: December 11, 2023

**MARLIN & SALTZMAN, LLP,**
**LAW OFFICES OF PETER M. HART**
**DIVERSITY LAW GROUP, P.C.**

By: ___/s/ Max W. Gavron___
Cody R. Kennedy
Peter M. Hart
Ashlie E. Fox
Larry W. Lee
Kristen M. Agnew
Nicholas Rosenthal
Max W. Gavron
Kwanporn "Mai" Tulyathan
Attorneys for Plaintiff
TERESA CARLISLE

DATED: December 11, 2023

**MORGAN, LEWIS & BOCKIUS LLP**

By: ___/s/ Brian D. Berry___
Brian D. Berry
Katya N. Abelsky
Max Fischer
Tuyet T. Nguyen Lu

Attorneys for Defendants
AMAZON.COM, INC., AMAZON.COM SERVICES LLC, and AMAZON WEB SERVICES, INC.